34453.   AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al. v.* KING.

Decided April 11, 1953—Rehearing denied May 13, 1953.

*Burt DeRieux, Marshall, Greene, Baird & Neely,* for plaintiffs in error.

*Christopher & Futral,* contra.

SUTTON, C. J. It is first contended by the appellants that the findings of fact by the Board of Workmen's Compensation do not support the award to the claimant. There was no finding made that the exertion of King's work contributed to his injury and death. However, even if exertion did not produce his stroke, if the stroke occurred before his fall and caused him to fall, and if his falling against machinery or on the floor in turn aggravated his pre-existing diseased condition or accelerated his death from that condition, then the accidental injury was a proximate cause of his death, and his death was compensable. *U. S. Casualty Co.* v. *Richardson,* 75 *Ga. App.* 496 (2) (43 S. E. 2d 793).

If, on the other hand, the fall occurred before the stroke,

was accidental, aggravated King's previous condition, and precipitated his fatal hemorrhage, then his death is again considered to have been the result of an accidental injury and so compensable.

These two theories, which appear in the findings of fact by the single director, are not inconsistent or opposing; for they both depend upon the fact that the impact of the fall against the machinery of the mill or onto the floor aggravated a preexisting condition, and whether such condition was an incipient hemorrhage or advanced arteriosclerosis seems to be more a matter of degree than of difference. Dr. Simpson, for instance, testified that King's change from one condition to the other was "minimal." Since the injury to King's head was found to have a causal relation to his death by subarachnoid hemorrhage, it does not matter whether his fall was strictly accidental or was the result of his own condition, provided his injury was not the result of his wilful misconduct, intoxication, or an assault by another employee for personal reasons. Code §§ 114-102, 114-105. The findings of fact support the award, and are not inconsistent with one another.

There was evidence to support the finding that King was afflicted with arteriosclerosis, and there was further evidence that he had been unable to work for two days previous to the date of his injury, as he had influenza or a bad cold. There was no question but that King fell; and, from the fact that the front and back of his head bore lacerations, it was inferable that as he fell he struck the loom, near which he was found lying, and the floor.

It is contended by the appellants that there was no evidence that the blow sustained by King in falling had any relation to his subsequent death, as was the case in *Aetna Casualty &c. Co.* v. *Chandler,* 61 *Ga. App.* 311 (6 S. E. 2d 142). There the employee died of encephalitis, an infectious inflammation of the brain, and there was no evidence that the exertion of the employee's labor had accelerated the disease. The substance of the expert testimony in the present case was that, in the doctors' opinions, the impact of the fall was "incidental" to King's death; that it cannot definitely be substantiated that King's death was not connected with his injury; and that, while

it was not probable that the injury caused King's death, no doctor could truthfully say that the fall was not the cause of his death. Dr. Ross, the pathologist who conducted the autopsy on King's body, testified that the hemorrhages were "extensive"; Dr. Simpson, who attended King during the last days of his life, testified that the type of subarachnoid hemorrhage occurring as a result of a head injury is usually of a "diffuse character." Such expert opinions are advisory and are not binding upon a fact-finding tribunal when such opinions are as broad in scope as the question of fact at issue, such as the cause of death or disability. *Blanchard* v. *Savannah River Lumber Co.*, 40 *Ga. App.* 416, 424 (149 S. E. 793) ; *Liberty Mutual Ins. Co.* v. *Williams*, 44 *Ga. App.* 452 (1) (161 S. E. 853) ; *Ocean Accident &c. Corp.* v. *Lane*, 64 *Ga. App.* 149 (1) (12 S. E. 2d 413) ; *American Motorists Ins. Co.* v. *Blaylock*, 84 *Ga. App.* 409 (66 S. E. 2d 126). "Where an employee, after sustaining an accidental injury arising out of and in the course of his employment, is disabled continuously until the time of his death shortly thereafter [citing], or where expert opinion is submitted to the effect that the injury sustained had some connection with the subsequent death of the employee [citing], there is ordinarily a natural and reasonable inference, sufficient to support a finding by the board, that the accidental injury was the proximate cause of the employee's death, in the absence of other than conjectural evidence to the contrary." *Lockheed Aircraft Corp.* v. *Marks*, ante.

The evidence and the reasonable inferences therefrom authorized the board to find that King died of a subarachnoid hemorrhage, sustained as the result of, or accelerated and aggravated by, an accidental injury arising out of and in the course of his employment. As the findings of the board were supported by the evidence, the judge of the superior court did not err in overruling the appeal from the award by the Board of Workmen's Compensation of death benefits to the claimant.

*Judgment affirmed. Worrill, J., concurs, and Felton, J., concurs in the judgment.*