James IREY, Plaintiff,

v.

REPUBLIC CREOSOTING COMPANY, a Corporation, Defendant.

Civ. A. No. 1357.

United States District Court, S. D. Alabama, S. D.

Feb. 23, 1955.

As Amended April 5, 1955.

M. A. Marsal, Mobile, Ala., for plaintiff.

Marshall J. DeMouy, Mobile, Ala., for defendant.

THOMAS, District Judge.

### Findings of Fact

James Irby, plaintiff, on November 12, 1953, while employed by and working at the defendant's place of business in Mobile, Alabama, suffered an epileptic seizure which caused him to fall from a three-foot platform, where he was engaged in his work for the defendant; and in said fall he suffered a dislocation of the sixth vertebra, causing pressure on the spinal column resulting in complete paralysis from the neck down. He had suffered from epilepsy and resulting seizures for at least a year prior to the date of the injury. The epileptic seizure which he suffered on November 12, 1953, was in no wise related to his employment by the defendant. The disability which he now suffers resulted directly from the fractured neck which he received in the fall, and is not a result of epilepsy. The court therefore finds that the injury arose in the course of the plaintiff's employment by the defendant, and the sole question to be determined is whether or not said injury was caused by an accident arising out of plaintiff's employment by the defendant.

### Conclusions of Law

■ The defendant employed more than eight employees and both the plaintiff and the defendant at the time of the injury in question were subject to the Alabama Workmen's Compensation Law, § 262 et seq., Title 26, Code of Ala. 1940. I have found no Alabama cases involving epileptic seizures, though in other states there are many, some of which, under the facts in this case, I think would hold this accident compensable, while others would hold it noncompensable. I believe, however, the majority of them would hold it compensable. Nevertheless, we are dealing here with the compensation act of the state of Alabama, and this case must be decided in accordance with the construction placed upon that act by the Alabama courts.

■ The plaintiff was badly injured. From a technical standpoint, possibly he is not permanently and totally disabled; yet, due to his educational and work background, for all intents and purposes it can be said that he is permanently and totally disabled, as the only work he is fitted for is manual labor, which obviously he cannot perform. It is a seemingly hard ruling to hold that he cannot recover when, under the same state of facts, I am confident that in

many other states he would recover; but hardship cases often make bad law. After considering the Alabama authorities, I am of the opinion that plaintiff's injury was not caused by an accident arising out of his employment by the defendant, and that under Alabama law he cannot recover.

Judge Bouldin in the case of Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225, 227, states: "We have written into our law the words of the Madden Case, 222 Mass. 487, 111 N.E. 379, L.R.A.1916D, 1000, to wit: 'The rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment, and not by some other agency.'" The proximate cause of Irby's injury was set in motion by the epilepsy, and not by the employment. The Dean case, supra, quotes at length from McNicol's Case, 215 Mass. 497, 102 N.E. 697, L.R.A. 1916A, 306, as follows:

> "'It "arises out of" the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or ex-

pected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"

This seems to me to be a clear expression of the principles which have been followed by the Supreme Court of Alabama in construing the Alabama act. The Dean case has been cited with approval in the recent case of Carraway Methodist Hospital, Inc., v. Pitts, decided by the Supreme Court of Alabama in 1952, reported in 256 Ala. 665, 57 So.2d 96.

A judgment for the defendant in accordance herewith will be entered.