**James IRBY, Appellant,**

v.

**REPUBLIC CREOSOTING COMPANY,**
**Appellee.**

**No. 15603.**

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1955.

M. A. Marsal, Mobile, Ala., for appellant.

Marshall J. DeMouy, Francis H. Inge, Richard H. Inge, Mobile, Ala. (Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., of counsel), for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

1. Code of Alabama, 1940, Title 26, Sec. 253:

"*Circumstances under which compensation becomes due; defenses; wilful negligence.*—When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer, provided the injury or death was not caused by the wilful misconduct of the employee, or was not due to misconduct on his part, as defined in section 270 of this title. (1919, p. 206.)"

Code of Alabama, 1940, Title 26, Sec. 262(i) and (j):

"(i) The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in articles 1 and 2 of this chapter shall be construed to mean an unexpected or unforeseen event, happening

RIVES, Circuit Judge.

The sole question to be decided is whether or not appellant's injury was caused by "an accident arising out of * * * his employment,"[1] so as to be compensable under the Alabama Workmen's Compensation Law. The facts are clearly stated by the district court in its Findings of Fact. 129 F. Supp. 92, 93,

"James Irby, plaintiff, on November 12, 1953, while employed by and working at the defendant's place of business in Mobile, Alabama, suffered an epileptic seizure which caused him to fall from a three-foot platform,[2] where he was engaged in his work for the defendant; and in said fall he suffered a dislocation of the sixth vertebra, causing pressure on the spinal column resulting in complete paralysis from the neck down. He had suffered from epilepsy and resulting seizures for at least a year prior to the date of the injury. The epileptic seizure which he suffered on November 12, 1953, was in nowise related to his employment by the defendant. The disability

suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body, by accidental means.

"(j) Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service at the time of the accident, and during the hours of service, as such workmen, and shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, and it shall not include a disease unless the disease results proximately from the accident."

2. Appellee's manager testified that the height of the platform was "in the neighborhood of thirty-nine inches."

which he now suffers resulted directly from the fractured neck which he received in the fall, and is not a result of epilepsy. The court therefore finds that the injury arose in the course of the plaintiff's employment by the defendant, and the sole question to be determined is whether or not said injury was caused by an accident arising out of plaintiff's employment by the defendant."

Under the Alabama authorities,[3] the district court decided the issue against the plaintiff, appellant here, saying that, "The proximate cause of Irby's injury was set in motion by the epilepsy, and not by the employment."

■ As we read the numerous Alabama cases which have passed upon the term "arising out of his employment", culminating in Massey v. United States Steel Corp., Ala., 86 So.2d 375, in the light of the authorities from other states, an accident arises out of an employment when there is a causal connection between the accident and the conditions under which the work is performed, or when it arises out of a hazard existing in or increased by the employment.[4]

The Alabama Supreme Court has repeatedly pointed out that the Workmen's Compensation Act should be liberally construed in favor of the employee,

though it has cautioned against going to such an extreme as to convert the act into one simply to insure the life and health of the employee.[5]

No Alabama case has been called to our attention, and we have found none, where an employee was injured by a fall caused by an epileptic fit, heart attack, or fainting spell. Counsel have cited to us many such cases from other states, in some of which the resulting injury has been held compensable and in others non-compensable.[6] Appellee seeks to distinguish some of those cases holding the injury compensable, on the ground that the Workmen's Compensation Act involved required simply that the *injury* arise out of the employment, while the Alabama Act requires that the injury be caused by an *accident* arising out of the employment.[7]

The word "accident" is used sometimes from the point of view of the cause, on other occasions as referring to the effect, but usually to describe the event.[8] By express statutory definition,[9] the word "accident" in the phrase now being considered was used to describe the event, the "unexpected or unforeseen event".

The event was the fall and, of course, the fall included the last three feet thereof and the striking of appellant's head and body against the ground with the

3. The district court relied on Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225; and Carraway Methodist Hospital, Inc., v. Pitts, 256 Ala. 665, 57 So.2d 96.

4. See the Alabama cases heretofore cited and numerous others construing the phrase "arising out of his employment", and the authorities collected in 1 Larson's Workmen's Compensation Law, Sec. 6, and in 58 Am.Jur. Workmen's Compensation, Sec. 211.

5. Alabama Pipe Co. v. Wofford, 253 Ala. 610, 46 So.2d 404, 406; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270, 274. The kind of liberal construction intended is exemplified in the three cases just decided by the Alabama Supreme Court, on August 18, 1955: Massey v. United States Steel Corp., 86 So. 2d 375; Davis Lumber Co. v. Self, 82 So.

2d 291, and Alabama Textile Products Corp. v. Grantham, 82 So.2d 204.

6. We do not repeat the citation of those cases, because they are fully collected in numerous texts, including 4 Words and Phrases, p. 55, " 'arising out of and in course of employment' ", at p. 179, " 'arising out of employment' "; and 1 Larson's Workmen's Compensation Law, Secs. 12.11 and 12.13.

7. See Code of Alabama, 1940, Title 26, Sec. 253, quoted in Footnote (1), supra.

8. See St. Paul-Mercury Indemnity Co. v. Rutland, 5 Cir., 225 F.2d 689; and the California case therein cited, Hyer v. Inter-Insurance Exchange, 77 Cal.App. 343, 246 P. 1055.

9. See Code of Alabama, 1940, Title 26, Sec. 262(i), quoted in Footnote (1), supra.

consequent injury. We are clear to the effect, therefore, that there was a direct causal connection between the conditions under which the appellant worked and the accident which caused his injury. To hold otherwise, we think, would be to make the Alabama rule contrary to the current of modern authority.[10]

■ The Alabama Supreme Court has often noted that the benefits of the Workmen's Compensation Law are not limited to those in perfect health.[11] If appellant's fall had been unexplained or had been caused simply by slipping, there would be no question that his consequent injuries were compensable.[12] We recognize that in idiopathic falls the question is different, because the origin of the fall is personal and therefore requires definite and affirmative employment contribution.[13] That causal connection, however, appears from the facts of this case. The district court found that "The disability which he now suffers resulted directly from the fractured neck which he received in the fall, and is not a result of epilepsy."[14] The severity of the fall and the angle and position at which ap-

10. "When an employee, solely because of a non-occupational heart attack, epileptic fit or fainting spell, falls and sustains a skull fracture or other injury, the question arises whether the skull fracture (as distinguished from the internal effects of the heart attack or other disease, which of course are not compensable) is an injury arising out of the employment.

"The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle. The currently controversial question is whether the effects of an idiopathic fall to the level ground or bare floor should be deemed to arise out of the employment." 1 Larson's Workmen's Compensation Law, Sec. 12.11.

In discussing "falls from heights", Professor Larson says, "The earliest case, Wicks v. Dowell & Company (2 K.B. 225), decided in 1905, awarded compensation when an epileptic fell into the hatchway of a ship near which he stood in the course of his employment. But, at this stage of development of the law, a fall downstairs was distinguished and held outside the coverage of the Act [Butler v. Burton-on-Trent Union, 106 L.T.N.S. 824, 5 BWCC 355 (1912)]. The story from this point on is one of a gradual decrease in the requisite height of the fall. In the Baltimore Dry Docks case [Baltimore Dry Docks & Shipbuilding Co. v. Webster, 139 Md. 616, 116 A. 842 (1922)], the fall was forty-five feet from a ship under construction; in the Santacros[c]e case [Santacroce v. Sag Harbor Brick Works, 182 App.Div. [442], 169 N.Y.S. 695 (1918)], it `was fifteen feet, from the top of a brick pile; in the Granier case [Gonier v. Chase Com-

panies, 97 Conn. 46, 115 A. 677, 19 A. L.R. 83 (1921)], it was eleven feet from a scaffold; in Carroll v. What Cheer Stables Co. [38 R.I. 421, 96 A. 208, L. R.A.1916D, 154 (1916)], it was five feet, from the seat of a hack; and finally in the Milwaukee Electric case [Milwaukee Electric Ry. & Light Co. v. Industrial Comm., 212 Wis. 227, 247 N.W. 841 (1933)], it was perhaps twenty-two inches, from the third or fourth step of a stairway." 1 Larson's Workmen's Compensation Law, Sec. 12.13.

As to idiopathic falls onto level floor, see 1 Larson's Workmen's Compensation Law, Sec. 12.14.

11. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Gadsden Iron Works v. Beasley, 249 Ala. 115, 30 So.2d 10, 13; Alabama Pipe Co. v. Wofford, 253 Ala. 610, 46 So.2d 404, 405; Massey v. United States Steel Corp., supra.

12. Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813, 814, 85 A.L.R. 85; 1 Larson's Workmen's Compensation Law, Sec. 10.31.

13. See 1 Larson's Workmen's Compensation Law, Sec. 12.11.

14. That critical finding is supported by the uncontradicted medical evidence. Dr. W. S. Warren testified: "Judge Thomas: May I ask this? The paralysis came from the dislocation?

"A. Yes, sir.

"Judge Thomas: And not from the epilepsy, as such?

"A. No, No.

"Judge Thomas: Had he not fallen, the epilepsy would not have caused the paralysis?

"A. No, sir."

Dr. Guy Oswalt, Jr., testified:

"Q. The paralysis that he suffered was caused by that vertebra, was it not?

"A. That is right.

pellant struck the ground were directly influenced by the last three feet of his fall, one of the conditions of his employment. In our opinion, therefore, appellant's injury was caused by an accident arising out of his employment. The judgment is, therefore, reversed and the cause is remanded with directions to fix the compensation and enter judgment for the plaintiff.

Reversed and remanded.

"Q. It was not caused by any epileptic seizure, was it?

"A. No, it was caused by the falling injury."