This is a workmen's compensation case.
Pelham A. Martin, an employee of Slimfold Manufacturing Company, died as a result of an injury which occurred at his place of employment. Joyce A. Martin, Martin's widow and appellee, brought this action to recover benefits under the Workmen's Compensation Act of Alabama. The learned trial judge, after an ore tenus hearing, concluded that Martin's death was compensable under the Workmen's Compensation Act and awarded benefits to Mrs. Martin accordingly. Slimfold Manufacturing Company appeals from this judgment contending generally that Martin's death was not a compensable claim under the Workmen's Compensation Act and the trial court committed reversible error in holding that the death was compensable.
The record reflects that Martin had been employed at Slimfold Manufacturing Company since July, 1978. On the afternoon of February 20, 1980, Martin attended a safety meeting at Slimfold. Upon leaving the meeting, Martin walked to another room and engaged in casual conversation while waiting to use the copy machine. While there he fell and struck his head on the floor.
After calling paramedics, Martin was transported to Southeast Alabama Medical Center. He was subsequently diagnosed as having a massive right subdural hematoma. This condition was surgically treated. However, Martin died on March 11, 1980, of acute cardiopulmonary failure secondary to intracranial pressure which was caused by the subdural hematoma.
The evidence offered to explain Martin's fall was inconclusive. None of Martin's co-workers witnessed him fall. Martin himself, who regained consciousness sometime after the fall, could offer no explanation for the incident. Appellant-Slimfold offered much evidence to indicate that Martin's fall was due to a fainting spell caused by his condition of cirrhosis of the liver. A doctor, however, testifying through deposition, stated that Martin's memory of the event after the fall would be compatible with a slip and fall.
The trial court found that the cause of the fall was not clearly determined. The court concluded, however, that the fall itself met the definitional requirement for "accident" as set out in the Workmen's Compensation Act.
On appellate review, a workmen's compensation judgment must be affirmed if there is any legal evidence to support the finding of fact by the trial judge and if the correct law was applied to such facts. City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). As indicated above, there is evidence to support the trial court's conclusion that the cause of the fall was unexplained. Consequently, this court is bound by that finding. The issue remains, however, as to whether the correct law was applied.
This court has never been confronted with the issue of the compensability of unexplained falls. We note at the outset, however, that in order for an accident or death to be compensable under the Workmen's Compensation Act, the following two requirements must be met: (1) the accident or death must arise out of the employment and (2) the accident or death must occur in the course of employment. McKnight v. ConsolidatedConcrete Co., 279 Ala. 430, 186 So.2d 144 (1966); Anderson v.Custom Caterers, Inc., 279 Ala. 360, 185 So.2d 383 (1966). In the case before us, there is no dispute that Martin's fall occurred in the *Page 201 
course of employment. The primary issue in this case is one of causation, i.e., did Martin's fall "arise out of" his employment.
Though an issue of first impression in Alabama, the unexplained fall problem has been addressed in numerous other states. According to Professor Larson, the majority of courts that have addressed the issue have awarded compensation. 1 A. Larson, The Law of Workmen's Compensation § 10.31 (1978). E.g.,American Mutual Liability Insurance Co. v. King,88 Ga. App. 176, 76 S.E.2d 81 (1953); Coomes v. Robertson Lumber Co.,427 S.W.2d 809 (Ky.App. 1968); Slizewski v. International Seafood,Inc., 46 N.C. App. 228, 264 S.E.2d 810 (1980). Most of the courts that allow compensation in unexplained fall cases take the position that the causation requirement is satisfied by the fact that the claimant's employment placed him in the particular place at the particular time when he was injured.See Cutler-Hammer, Inc. v. Industrial Commission, 5 Wis.2d 247,92 N.W.2d 824 (1958). This reasoning is categorized by Larson as the but-for test of causation or the positional risk doctrine. 1 A. Larson, supra, § 6.50.
A substantial minority of courts have, however, denied compensation in unexplained fall cases. 1 A. Larson, supra, § 10.31. E.g., Finn v. Industrial Commission, 165 Colo. 106,437 P.2d 542 (1968); Bagwell v. Ernest Burwell, Inc., 227 S.C. 444,88 S.E.2d 611 (1955); Nielsen v. Industrial Commission,14 Wis.2d 112, 109 N.W.2d 483 (1961). The courts that deny compensation in unexplained fall cases obviously do not accept the but-for test of causation. Instead, these courts require the claimant to establish a definite causal connection between the work and the fall.
As noted earlier, no Alabama appellate court has specifically addressed the causation issue in the context of an unexplained fall case. There have been, however, numerous decisions dealing generally with the causation requirement of the Workmen's Compensation Act. These prior decisions are not compatible with a but-for causation test.
This court has discovered two Alabama decisions that are particularly pertinent when considering the acceptance of but-for reasoning as the test of causation under Alabama's Workmen's Compensation Act. Both cases are factually similar in that they involve claims for workmen's compensation benefits arising out of automobile accidents. In Wooten v. Roden,260 Ala. 606, 71 So.2d 802 (1954), the employee was injured en route to a company Christmas party while a passenger in his employer's automobile. Though our supreme court engaged in an extensive discussion of causation, it did not specifically discuss the but-for causation test. It did, however, cite with approval F. Becker Asphaltum Roofing Co. v. IndustrialCommission, 333 Ill. 340, 164 N.E. 668, 670 (1928). In that case the Illinois Supreme Court stated that: "It is not enough that the injured person may be present at the place of the accident because of his work, unless the injury is the result of some risk of the employment." As was recognized by this court in Wiregrass Comprehensive Mental Health Clinic, Inc. v.Price, 366 So.2d 725 (Ala.Civ.App. 1978), cert. denied,366 So.2d 728 (Ala. 1979), the above quoted language is the antithesis of but-for reasoning. Wiregrass involved an employee who was killed in a car-train collision while en route to a restaurant for lunch. The trial judge granted summary judgment for the claimant reasoning that "but for Price's employment . . . he would not have been where he was at the time of his death. . . ." This court reversed the trial judge. In so doing this court construed the supreme court's acceptance of the language of the Illinois Supreme Court as a denial of the but-for principal.
While the above two cases may not be controlling in this case due to factual dissimilarities, they indicate the reluctance of Alabama appellate courts to accept but-for reasoning as a test of causation in workmen's compensation actions. Instead, in Alabama the employment must be the source and cause of the accident. Our supreme court in Wooten v. Roden,260 Ala. at 610, 71 So.2d at 805, stated that in order to satisfy the "source and cause" requirement *Page 202 
"the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. . . ." The causation requirement was further elucidated in City of Tuscaloosa v. Howard, supra. There, Presiding Judge Wright, speaking for this court, stated:
 If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and be an accident under the statute. Such can be the legal test of causation. . . .
55 Ala. App. at 705, 318 So.2d at 732.
In the instant case, the appellee offered some evidence in an attempt to establish the causal connection between the work and the fall. After hearing the evidence the trial court concluded that the cause of the fall was not determined. Thus, the evidence was apparently insufficient to convince the trial court that the employment was the proximate cause of the fall. Stated differently, the appellee was unable to prove that Martin's employment exposed him to a "danger or risk materially in excess of that to which people not so employed are exposed."
The appellee, through able counsel, places much reliance uponIrby v. Republic Creosoting Co., 228 F.2d 195 (5th Cir. 1955). That case involved a worker who was injured at work after falling off of a three foot platform due to an epileptic seizure. The Fifth Circuit held that the worker's injuries were compensable. In closing, the court stated that even "[i]f appellant's fall had been unexplained . . . there would be no question that his consequent injuries were compensable." Irby,supra, at 198.
This case, however, is dubious authority for two reasons. First of all, the above quoted language must be analyzed within the context of the factual situation. As stated above, the claimant in Irby, at the time of his fall, was working on a three foot platform. Thus, the conditions under which he worked exposed him to a definite hazard not encountered by persons not so employed. The Fifth Circuit apparently recognized this by holding that the conditions of the claimant's employment supplied the causal connection between the claimant's work and his injury. Therefore, in Irby, even if the reason for the claimant's fall was unexplained, the conditions of his employment would have been the same and would have supplied the causal connection. In the instant case, at the time of his fall, Martin was exposed to no hazard indigenous to his employment. Secondly, even if the above quoted language is considered apart from the factual context, there is absolutely no Alabama authority in support of such a statement.
The but-for test is clearly not the test for causation under Alabama's Workmen's Compensation Act. Instead, the burden is on the claimant to establish a definite causal connection between the work and the injury. Myers v. Juneman Electric Co.,46 Ala. App. 529, 244 So.2d 809 (1971). By finding that the cause of the fall was unexplained, the trial court must have implicitly found that the claimant had not met her burden of establishing causation. Consequently, the trial court erred in awarding compensation.
In this case, for this court to hold otherwise would be to abrogate by judicial fiat an essential element of proof under Alabama's Workmen's Compensation Act. Additionally, we note that for this court to hold otherwise would be contrary to previous compelling analogous supreme court decisions. This the law does not permit. See § 12-3-16, Code of Ala. 1975.
We would be remiss if we failed to comment that counsel for both parties made excellent presentations during oral argument, for which we are grateful.
This case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 203