WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
George Mullins (claimant) is a fifty-nine-year-old man formerly employed by Allied Products Corporation, Bush Hog Continental Gin Division (employer). Claimant worked as a welder in the press shop where cotton gins were constructed. His duties included the fabrication of steel doors which involved • lifting and exertion when certain doors were manually turned in the course of fabrication.
On April 1, 1982, while claimant was at work he did not feel like eating lunch. About 1:30 P.M. he experienced a tightness in his chest. The pain subsequently shifted to his left elbow. He had a cold sweat. He informed two co-workers of his condition. He completed his shift of work and went home.
At home, he took a short walk and ate supper. While walking he experienced shortness of breath, tightness of chest and pain in his left arm. After supper he went to his bedroom where he fainted and suffered a heart attack. Claimant was taken to the emergency room at the Chilton County Hospital where he was treated and admitted for a myocardial infarction. He was transferred to Baptist Medical Center in Montgomery for approximately thirteen days. Subsequently, he was transferred to St. Margaret’s Hospital for a cardiac cath-eterization. The catheterization disclosed a narrowing of all three coronary arteries, some more severe than others and moderate damage from the heart attack.
Claimant underwent extensive treatment, care and rehabilitation before being released to return to work with some limitations placed on him. He has been unable to resume his former work.
Claimant brought suit against employer in the Circuit Court of Autauga County for alleged benefits due him under the Workmen’s Compensation Act. The court entered judgment in favor of the employer, finding that no medical causation for claimant’s injury was shown. A motion for a new trial was denied. Claimant appealed.
The issue on appeal is whether the trial court committed reversible error in his determination that claimant failed to offer proof regarding medical causation.
Our review in a workmen’s compensation case is limited to a determination of whether any lawful evidence exists to support the finding of fact by the trial court and whether the correct law was applied to such facts. City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975).
For an accident or death to be com-pensable under the Alabama Workmen’s Compensation Act, two requisites must be shown: (1) that the accident or death must have arisen out of the employment, and (2) the accident or death must have occurred in the course of employment. Slimfold Manufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981), writ quashed, 417 So.2d 203 (Ala.1982). The burden is upon the claimant to establish a definite causal connection between his work and the alleged injury. Id.
In City of Tuscaloosa v. Howard, supra, the problem of causation in heart attack *641 cases was detailed. The two-pronged test adopted in that case is as follows:
“If in the performance of the duties for which he is employed an employer is exposed to a danger or a risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and to be an accident under the statute. Such can be the legal test of causation. However, the medical test of causation must also be met — that is that such exposure, though operating with or upon other exposure common to all was in fact the contributing cause of the injury.”
Id. at 705-706, 318 So.2d at 732.
The trial court concluded that though there was some evidence which might satisfy the test of legal causation, it was unnecessary for the court to make such a determination because claimant failed to offer proof regarding medical causation. The court found that the record was “silent as to any evidence to satisfy the Court that any strain or exertion experienced by [claimant] on April 1st was a contributing cause to his heart attack.” The court stated that none of the treating physicians offered any testimony relating to any connection which may have existed between claimant’s job and his heart attack.
Moreover, the court noted in its order that the attending cardiologist testified that where an underlying heart disease exists, physical or mental stress can bring on a heart attack, or one may occur spontaneously without any stress whatsoever, and that the doctor did not offer any opinion that claimant’s heart attack was precipitated by any physical or mental exertion arising out of his job performance. The court also found the medical records silent as to any causal connection between claimant’s employment and his heart attack.
Claimant contends there is evidence tending to show a medical causal connection. He additionally argues that since the Workmen’s Compensation Act is remedial in nature, it should be liberally construed to effectuate the intended beneficent purposes and that all reasonable doubts should be resolved in claimant’s favor. See, Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967). However, even such a liberality of construction does not abrogate the measure of proof or sufficiency of evidence required in ordinary cases. Id. The burden remains upon claimant to reasonably satisfy the trial court that the requisite causal connection exists between an alleged infirmity and claimant’s course of employment. See, id.
As we stated in City of Tuscaloosa v. Howard, supra, merely showing claimant had a heart attack is not enough to establish the requisite proof of causation. Neither the court, employer, or attending physicians contested that claimant suffered a heart attack; however, the evidence does not show a definite medical causal connection between claimant’s employment and the heart attack he suffered April 1, 1982. Therefore, we must affirm the trial court’s judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.