L. CHARLES WRIGHT, Retired Appellate Judge.
Calvin Patterson sustained an injury while employed by Opelika Foundry Company, Inc. He subsequently filed a workmen’s compensation complaint. Following an ore tenus proceeding the trial court found the injury to be noncompensable. Patterson appeals.
The record reflects that at the time of the injury Patterson was approximately forty-seven years old and had been employed by Opelika Foundry for eleven years. His work at the foundry primarily involved “[pjushing a button, running the iron to the [cupola].” He is semi-literate with a low I.Q. and a fourth-grade education.
On August 25, 1987, while working his regular shift, Patterson sustained “a broken jaw, a broken finger and a head injury.” He testified that he did not know what had hit him but he suspected that it was iron. He testified that “I don’t know what happened. The only thing I know, is, when it hit me it knocked me out.” None of Patterson’s co-workers witnessed the incident. The area where the incident occurred was well lighted. Above it ran a conveyor belt which transported scrap iron to a cooker. Patterson, wearing a hard hat, was beneath a steel grill platform. His job was apparently to push a button to operate the conveyor.
In determining the incident to be non-compensable, the trial court found the following:
“There were no witnesses to the incident causing the injuries. The Plaintiff does not know what happened. No evidence or testimony was presented to show the condition of the work place before or after the injuries to Plaintiff.
“There was speculation by Plaintiff that iron had fallen on him. However, there was no evidence that any overhead moving of material was taking place. No testimony was presented that material was strewn in the area where the injury occurred so as to warrant a conclusion that anything had fallen on him. In short, the only evidence before the Court is that Plaintiff was injured. In no way is it shown to be related to his employment.
“The Court finds that Plaintiff has failed to carry his burden of proof. Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.1981).”
Appellate review in workmen’s compensation cases is limited to a determination of *236 whether there is any legal evidence to support the finding of fact by the trial court and if the trial court applied the correct law to such facts. Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981). On review we do not consider the propriety of the trial court’s findings of fact, nor do we consider the weight of the evidence. Crown Textile Co. v. Dial, 507 So.2d 522 (Ala.Civ.App.1987). There was evidence to support the trial court’s findings of fact; therefore, we are bound by that finding. We must now determine whether the trial court applied the correct law.
For an injury to be compensable under the Alabama workmen’s compensation laws, the injury must be “caused by an accident arising out of and in the course of his employment.” § 25-5-51, Code 1975. It is undisputed that Patterson’s injury occurred in the course of his employment. The sole issue on appeal is whether Patterson’s injury arose out of his employment.
The phrase “arising out of” involves a causal connection between the injury and the employment. Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App.1978). “The rational mind must be able to trace the resulting injury to a proximate cause set in motion by the employment and not by some other agency.” Moesch v. Baldwin County Coop. Elec. Membership Corp., 479 So.2d 1271, 1272 (Ala.Civ.App.1985). The injury must have had its origin in a risk or danger incidental to the character of one’s employment. Lauderdale Coop., Inc. v. Shook, 376 So.2d 199 (Ala.Civ.App.1979). The claimant carries the burden of proving a definite causal connection between the work and the injury. Slimfold, supra.
Applying the trial court’s findings of fact to the applicable law, we agree with the trial court and find that Patterson failed to establish any causal relationship between his injury and his employment. All that was proved was that an injury occurred. The trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.