Mary Ann Staton Cooper brought this action to recover benefits from Western Supermarkets under the Workmen's Compensation Act of Alabama. Cooper alleged a work-related injury to her knee resulting from an alleged fall at work. Following an ore tenus proceeding, the trial court denied recovery. Cooper appeals.
For an injury to be compensable under Alabama workmen's compensation laws, the injury must be "caused by an accident arising out of and in the course of his employment." § 25-5-51, Ala. Code 1975.
The term "in the course of" refers to time, place, and circumstances under which the accident took place.Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price,366 So.2d 725 (Ala.Civ.App. 1978). The term "arising out of" involves a causal relationship between the injury and the employment. Wiregrass, supra. The claimant carries the burden of proving a definite causal connection between the employment and the injury. Slimfold Mfg. Co. v. Martin, 417 So.2d 199
(Ala.Civ.App. 1981).
The trial court found that there was no causal connection between Cooper's injury and her employment. The narrow issue before us, therefore, is whether Cooper met her burden and established a definite causal connection.
Our review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the finding of fact by the trial court and if the trial court applied the correct law to such facts. Slimfold, supra. We do not consider the propriety of the trial court's findings of fact, nor do we consider the weight of the evidence. CrownTextile Co. v. Dial, 507 So.2d 522 (Ala.Civ.App. 1987). Findings of the trial court on conflicting testimony are conclusive. Suit v. Hudson Metals, 414 So.2d 115
(Ala.Civ.App. 1982).
In the instant case, the evidence is heavily disputed. The only evidence supporting Cooper's contention is entirely subjective. Cooper testified that she fell "backwards and went down on [her] knee" while stocking shelves. She could not recall the exact date of the accident. She recalled that she told the night manager about the accident as soon as it occurred. The night manager, who is no longer employed by Western, denied Cooper's assertion. He testified that Western's policy on work-related injuries is very strict and that, had she notified him of the fall, he would have filed an accident report. No accident report was filed. He testified that sometime during the first quarter of 1986, Cooper showed him her swollen knee, but at the time she could not recall when or where she had injured it.
Western's personnel manager testified that Cooper contacted him in March of 1986 and relayed to him that she would have to have surgery performed on her knee because there was a cyst which needed to be removed. She inquired as to whether her group health insurance and disability insurance would cover the surgery. Cooper never mentioned the possibility of a workmen's compensation claim to the personnel manager. Cooper received 26 weeks of group disability income benefits. Cooper signed at least ten requisite forms in order to secure the benefits, wherein she noted that the injury did not "arise out of, or in the course of employment," that the "injury did [not] occur at work," and that she was not "entitled to any benefits under Workmen's Compensation . . . law for this disability."
Cooper had two surgeries performed on her knee. In the first surgery, the physician took out a portion of a lateral meniscus which had been torn. The second surgery was to remove a Baker's cyst from the knee, which had been diagnosed in *Page 1155 
1981. The physician testified that the torn meniscus could possibly be compatible with a sudden traumatic episode, such as the alleged injury. He noted, however, the long term degenerative changes in the knee and stated that "whether one incident did it or not would be hard to say." Cooper's medical records do not mention any specific incident at work which caused her injury. The physician testified that Cooper never "described a definite incident." Furthermore, there are major discrepancies between Cooper's trial testimony and her answers to interrogatories regarding the alleged injury.
It is well settled that, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v. Lewis Associates ConstructionCo., 469 So.2d 605 (Ala.Civ.App. 1989). Here, the only evidence concerning the alleged injury was submitted by Cooper and was entirely subjective. All other evidence tended to discredit Cooper's account of the accident. Under these circumstances, we agree with the trial court and find that Cooper failed to establish a credible causal relationship between her injury and her employment. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 1156 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1157