HOUSTON, Justice.
Calvin Patterson sustained personal injuries while employed by Opelika Foundry Company, Inc. (“the Foundry”). He subsequently filed a complaint in Lee County Circuit Court, seeking compensation under the Workmen’s Compensation Act, Ala. Code 1975, § 25-5-1 et seq. After hearing ore tenus evidence, the trial court found that Patterson’s injuries were not caused by an accident that arose out of his employment and entered a judgment denying his claim. Patterson appealed to the Court of Civil Appeals, which affirmed the judgment. See Patterson v. Opelika Foundry Co., 561 So.2d 234 (Ala.Civ.App.1989). We granted Patterson’s petition for a writ of certiorari, pursuant to Rule 39, A.R.App.P. We reverse and remand.
The record reveals that at the time he sustained his injuries, Patterson was 47 years old and had been employed by the Foundry for approximately 11 years. He appeared to be in good physical condition and had an excellent job attendance record, having missed only one week during his term of employment at the Foundry; that was due to the “flu.” Patterson’s job primarily involved pushing a button that controlled an overhead conveyor belt that transported pieces of iron, each weighing between 150 and 200 pounds, to a container where they were melted. Patterson, wearing a hard hat, was standing beneath a steel grill platform doing his job when he was knocked unconscious, suffering head, hand, and back injuries. Patterson testified that he did not know what happened to him. He stated that he remembered being on the job and later waking up in the hospital. Patterson also testified that there were only two people close to him at the time he was injured and that both of them were fellow employees who were performing their respective duties. He further testified that at the time he was injured, he was not under the influence of alcohol or drugs. There were no eyewitnesses to the incident.
The trial court’s judgment reads, in pertinent part, as folio,ws:
“This is a Workmen’s Compensation case. Plaintiff, Calvin Patterson, was injured while on the job at Opelika Foundry Co., Inc., Defendant.
“The Court has heard sworn testimony and considered evidence submitted by the parties. Evidence showed that the Plaintiff, while at work on August 25, 1987, sustained injuries including a broken jaw, loss of part of a finger and back injuries.
“There were no witnesses to the incident causing the injuries. The Plaintiff does not know what happened. No evi *238 dence or testimony was presented to show the condition of the work place before or after the injuries to Plaintiff.
“There was speculation by Plaintiff that iron had fallen on him. However, there was no evidence that any overhead moving of material was taking place. No testimony was presented that material was strewn in the area where the injury occurred so as to warrant a conclusion that anything had fallen on him. In short, the only evidence before the Court is that Plaintiff was injured. In no way is it shown to be related to his employment.
“The Court finds that Plaintiff has failed to carry his burden of proof. Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.1981).”
Our review in workmen’s compensation cases is limited to a determination of whether there was any legal evidence to support the trial court’s findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this Court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Neal, 423 So.2d 850 (Ala.1982).
For Patterson’s injuries to be compensa-ble, they had to be “caused by an accident arising out of and in the course of his employment.” Ala.Code 1975, § 25-5-51. As the Court of Civil Appeals acknowledged in its opinion, and as reflected in the trial court’s findings, it is undisputed that Patterson’s injuries occurred in the course of his employment. For a good definition of the phrase “in the course of,” see Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375 (1955). The sole issue is whether Patterson’s injuries were caused by an accident that arose out of his employment.
“Accident” is defined in Ala.Code 1975, § 25-5-1(8), as follows:
“Such term, as used in the phrases ‘personal injuries due to accident’ or ‘injuries or death caused by accident’ shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
The phrase “arising out of ... employment” refers to the employment as being the source and cause of the accident. This Court has held that the rational mind must be able to causally connect the resulting injury to the employment. Massey v. United States Steel Corp., supra. The claimant bears the burden of proving that his injury arose out of his employment. Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159 (1957).
The Foundry contends that Patterson failed to prove that his injuries were caused by an accident that arose out of his employment and, therefore, that the trial court’s judgment should be affirmed. As part of this contention, it argues that Patterson failed to show that he had not been assaulted for personal reasons either by a fellow employee or by someone not affiliated with the Foundry; therefore, it argues, compensation would be precluded under Ala.Code 1975, § 25-5-1(9).[1] The Foundry also maintains that Patterson’s injuries are not compensable because they could have been the result of an accident that was caused by idiopathic factors.[2]
Conceding that he did not prove what instrumentality in the workplace actually *239 caused his injuries, Patterson maintains, nonetheless, that he proved that his injuries were the result of an accident that arose out of his employment and that the trial court’s judgment denying his claim is, therefore, due to be reversed. We agree.
The trial court found, in essence, that the rational mind could not causally connect Patterson’s injuries to his employment. The court stated in its judgment: “In short, the only evidence before the Court is that Plaintiff was injured. In no way is it shown to be related to his employment.” The record shows, as the trial court found, that Patterson suffered a broken jaw, the loss of part of a finger, and back injuries while performing the duties of his employment, and we note that these injuries are the kind that normally occur suddenly and traumatically. However, the evidence shows more. Patterson testified that there were only two people close to him at the time he was injured and that both of them were fellow employees who were performing their respective duties. No evidence was presented by the Foundry tending to show that Patterson had been the victim of an assault. Likewise, Patterson testified that prior to suffering his injuries he was in good physical shape and that he had been absent from work only one week, due to a minor illness, during his 11 years of employment at the Foundry. This evidence was sufficient to show, at least prima facie, that there was no basis upon which to reasonably infer that idiopathic factors played a role in the accident, and, again, the Foundry presented no evidence to the contrary. It appears to us that the only reasonable view of the evidence requires a finding that Patterson’s injuries were the result of an accident that was causally connected to his employment, notwithstanding the fact that the circumstances surrounding the accident itself remain largely unexplained. For a recent discussion of the element of medical causation in a workmen’s compensation context, see Ex parte Price, 555 So.2d 1060 (Ala.1989).
For the foregoing reasons, we hold that the trial court’s judgment is not supported by the evidence and, therefore, cannot be upheld. Accordingly, the judgment of the Court of Civil Appeals is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, STEAGALL and KENNEDY, JJ„ concur.

. Section 25-5-1(9) reads, in pertinent part, as follows:
"INJURIES BY AN ACCIDENT ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT. Without otherwise affecting either the meaning or interpretation of such clause, such clause ... shall not include any injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment_”

. We use the word "idiopathic” as it is used by Professor Larson, to mean "peculiar to the individual” and not “arising from an unknown cause.” Idiopathic refers to an employee’s preexisting physical weakness or disease. 1 Larson, Workmen’s Compensation Law, § 12.00.