ROBERT P. BRADLEY, Retired Appellate Judge.
This is a workmen’s compensation case.
*89 On February 27, 1990 Tom V. Lofton was employed as a “rod buster” at a construction site for Brown and Root (employer). In the course of this employment, Lofton fell from a distance of about eight feet and struck his buttocks and lower back on a two-by-four before landing in the bottom of a hole. Lofton promptly reported the accident to the on-site safety inspector and later returned to work.
On April 2, 1990 Lofton complained to the safety supervisor about back pain. Lofton consulted with a doctor on that day and was advised to switch to light-duty work until the pain lessened. The employer offered to switch Lofton into a light-duty job but Lofton refused this work. Lofton was subsequently granted a leave of absence for 38.8 weeks and collected temporary total disability benefits for 25.3 of those weeks.
Lofton consulted with a second doctor during this time and received various kinds of treatment until he reached maximum medical improvement in August 1990. At that time, Lofton was told he could return to work and perform light to medium duties.
Lofton continued to complain of pain and did not return to work. He subsequently filed a complaint in the Circuit Court of Mobile County against the employer, seeking permanent total disability benefits, as well as temporary total disability benefits for the weeks that he was on leave of absence but did not receive benefits.
After an ore tenus proceeding, the trial court entered a judgment granting Lofton $4,796.66 in temporary total disability benefits. However, the court found that Lofton had suffered no permanent disability. Lof-ton filed a motion for new trial, which was denied, and this appeal ensued.
The standard of appellate review in a workmen’s compensation case is a two-step process. Initially, the reviewing court will look to see if there is any evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Lofton argues that the trial court erred in failing to find that he has suffered a permanent disability arising from his on-the-job injury.
In order to find that an employee is permanently and totally disabled, the trial court must determine that the employee is unable to perform his trade or obtain reasonably gainful employment. Boyd Bros. Transp. Inc. v. Asmus, 540 So.2d 757 (Ala.Civ.App.1988). In this case, the record shows that the employer offered Lofton a job doing light to medium category work. Lofton also received a job offer from another company. Both of these offers of employment were refused by Lofton, who testified that his constant pain prevented any form of physical labor.
At trial, the court was presented with deposition testimony from Lofton’s two doctors, who both opined that he is able to perform light to medium category work. One doctor stated that he found no medical reason for Lofton’s continued complaints of pain and expressed doubt about the employee’s truthfulness concerning the extent of this pain. Medical testimony shows that Lofton has suffered only a five percent impairment to his body as a whole.
In its order, the trial court stated that it was not reasonably satisfied from the evidence that Lofton’s injury is permanent. It is well settled that in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. Cooper v. Western Supermarkets, 553 So.2d 1153 (Ala.Civ.App.1989). The trial court may then interpret what it has heard, according to its own best judgment. Cooper.
Here, the record shows that the only evidence concerning Lofton’s pain is his own subjective testimony. It is apparent that the trial court did not find this evidence persuasive in light of the other testimony that was presented. A reasonable view of this evidence supports the court’s judgment, thus it cannot be disturbed on *90 appeal. Eastwood. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.