YATES, Judge.
Lillie Robinson sued the Health Care Authority of Huntsville, d/b/a Huntsville Hospital, to recover workmen’s compensation benefits, alleging that on June 3, 1991,[1] while working as an LPN, she injured her back when she attempted to reposition a patient in his bed.
Following an ore tenus proceeding, the trial court denied recovery, finding that Robinson did not suffer an accident on June 3, 1991; that the injury for which she sought recovery did not arise out of and in the course of her employment; and that the testimony at trial did not establish a causal connection between any impairment suffered by her and “any event or events at Huntsville Hospital.” Robinson appeals.
The standard of appellate review in workmen’s compensation cases is a two-step process. This court must first look to see if there is any legal evidence to support the trial court’s finding. If it finds such evidence, we must then determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
The only evidence presented by Robinson was presented through her own testimony. She testified that on June 3, 1991, she and one other nurse were on duty in the pulmonary unit. She stated that while making rounds, she discovered that one of the “total care” patients had slipped down in his *767 bed and that his left leg was hanging off the bed, through the bed rails. She further stated that when she found him, he was gasping for breath because his tracheostomy tube had twisted and he had “popped his trach mask off.”
Robinson testified that she attempted to reposition the patient without assistance and that after she finished moving him her “whole body went numb.” She further testified that following her injury she told Teresa Wilbanks, the RN on duty with her, that she “had had a battle in there with [the patient].” Robinson stated that she reported the incident to her supervisor, Lee Hardison, on June 4, 1991.
There were inconsistencies between Robinson’s deposition testimony and her testimony at trial. Wilbanks testified that Robinson never reported the incident to her. In fact, hospital records show that Wilbanks was not even on duty on the date Robinson says she was injured. Further, Hardison testified that she did not receive notice of Robinson’s injury until June 13, 1991, when she was presented with an employee accident report. And, Linda Mosley, an employee of Huntsville Hospital, testified that Robinson approached her and asked her to sign an incident report regarding Robinson’s injury, but that she refused to sign the report because she had not witnessed the accident.
The trial court may consider all of the evidence presented at trial, as well as its own observation of the witnesses, and it may interpret the evidence and the demeanor of the witnesses according to its own best judgment. Cooper v. Western Supermarkets, 553 So.2d 1153 (Ala.Civ.App.1989). The record is replete with evidence contradicting Robinson’s account of the incident.
The trial court stated in its order that Robinson’s “testimony concerning this event is completely contradicted by the testimony of all other witnesses and by the records of [the patient].” There is ample evidence to support the trial court’s finding that Robinson did not suffer an on-the-job injury. The trial court had the benefit of observing all of the witnesses, and it noted in its order that when contradictions occurred in the testimony it took into account the demeanor and credibility of all witnesses.
Robinson also contends that (1) the appropriate standard of review mandates the reversal of this judgment; and (2) Robinson’s pre-existing condition would not preclude her from recovering workmen’s compensation benefits. Because we have held that the trial court appropriately found that Robinson did not suffer an on-the-job injury, we pretermit a discussion of these issues.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.

. We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling.