This is a workmen's compensation case.
Charlotte Marie Oliver, an employee of Gold Kist, Inc., suffers from a severe head injury which was the result of a fall while at her place of employment. Mrs. Oliver filed a workmen's compensation action against Gold Kist in the Circuit Court of Marshall County, Alabama. The trial court, after an ore tenus proceeding, found that the injury was an accident which occurred while in the course of and arising out of Mrs. Oliver's employment. The trial court further determined that Mrs. Oliver was totally disabled and totally impaired in her ability to earn and awarded workmen's *Page 589 
compensation benefits pursuant to the Workmen's Compensation Act, §§ 25-5-1 through -231, Code 1975. Gold Kist appeals, alleging that there was no legal evidence to support the judgment. We disagree.
The pertinent facts revealed in the record are that Mrs. Oliver worked at the Gold Kist poultry plant in Boaz, Alabama. On the day of the injury Mrs. Oliver was at her work station, which was a trimming assembly line where both fat and bone are trimmed from the chickens and deposited in buckets along the line. Water is used periodically during a shift to wash down the fat and residue along the line. The record indicates that the flooring in the area of Mrs. Oliver's work station was concrete and was always wet from the residue wash down process.
Prior to the injury Mrs. Oliver had been at her work station for four hours. Just prior to a break she told a coworker that she did not feel well. The coworker told her to go to the restroom. Moments later she fell and struck her head on the concrete. She was taken to the hospital for treatment, where she stayed for over a month. She suffered from a skull fracture and subsequently underwent surgery for a blood clot within the brain. Mrs. Oliver has not been able to remember the events surrounding her fall or its cause.
Gold Kist offered evidence to indicate that Mrs. Oliver's fall was the result of menstrual problems that she had complained of on that day. A witness for Gold Kist testified that Mrs. Oliver complained of menstrual cramps and feeling ill.
The trial court indicated in its judgment that various factors had been considered to reach a determination that Mrs. Oliver's fall was the result of an accident. Among these factors were the concrete surface and wet condition of the flooring in Mrs. Oliver's work station, that the time for a break was imminent, that a movement away from the line by Mrs. Oliver was likely to have occurred, and that she had not had a problem in keeping pace with the extremely busy production line.
On appellate review, workmen's compensation judgments of the trial court must be affirmed if there is any legal evidence to support the findings. City of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729 (Ala.Civ.App. 1975). Furthermore, we must construe the facts in a light most favorable to the employee when the evidence allows it. Reynolds Metals Co. v. Gray,278 Ala. 309, 178 So.2d 87 (1965). Thus, if there is any legal evidence, or reasonable inference therefrom, the trial court's judgment must be affirmed. Ex parte Neal, 423 So.2d 850 (Ala. 1982).
Gold Kist contends that the trial court erred in determining that Mrs. Oliver's injury "arose out of" her employment. Gold Kist maintains that the injury was the result of an idiopathic fall and that such fall is not covered under the Workmen's Compensation Act.
In support of this contention, Gold Kist cites us toSlimfold Manufacturing Co. v. Martin, 417 So.2d 199
(Ala.Civ.App. 1981), cert. denied, 417 So.2d 203 (Ala. 1982), wherein this court stated that the claimant bears the burden of proving a definite causal connection between the work and the injury. Gold Kist claims that there was no testimony that established this definite causal link. We disagree.
There was testimony that, just prior to the fall, a break in the work period was about to occur and it was likely that Mrs. Oliver was backing or turning away from the line. There was also testimony that the concrete floor was always wet and chicken residue would have to be periodically washed from the floor. From this testimony the trial court could have reasonably inferred that Mrs. Oliver, in the process of leaving her work station, slipped and fell as a result of the wet floor. As we noted above, the trial court can make reasonable inferences from the testimony. Neal, supra.
Consequently, Slimfold is distinguishable because in Slimfold
the fall was unexplained, whereas in the present case the fall was explained to the satisfaction of the trial court, i.e. Mrs. Oliver slipped on the wet concrete floor and fell. *Page 590 
We conclude that the evidence and reasonable inferences therefrom support the findings of the trial court.
Mrs. Oliver's request for an attorney's fee on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.