ROBERTSON, Presiding Judge.
On December 14, 1988, employee Jean Kozub suffered an alleged on-the-job injury while performing her duties as a nursing assistant for her employer, Phenix Medical Park Hospital. The employee then filed a complaint on March 27, 1989, requesting workmen’s compensation benefits from her employer.
The trial court, after being presented ore tenus evidence, found that the employee was leaving a patient’s room in a hurry, made a short step, stubbed her toe, tripped over her feet, and fell to the floor, causing injury to her right ankle. Although the trial court acknowledged in its findings that the employee had a pre-existing condition of the right ankle before her fall, the court specifically found that this condition was not interfering with the employee’s performance of her duties on the day she fell. Further, the court found that, prior to her fall, the employee had worked continuously and that, after her fall, she had been unable to work.
*1163 In accordance with these findings of fact, the trial court made its conclusions of law. First, the court found that substantial evidence supported the finding that the employee suffered a work-related injury. Further, the court concluded that the accident was explained, not an “idiopathic” incident. Finally, the court concluded that because the employee had not reached maximum medical improvement, she was due temporary total disability benefits.
Our standard of review in workmen’s compensation cases is a two-step process. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.’’
Eastwood, at 93.
An employee’s injuries are compen-sable if his accident arose out of and occurred in the course of his employment. § 25-5-1, Code 1975. Pursuant to § 25-5-1(8), Code 1975, an accident is “an unexpected or unforeseen event, happening suddenly and violently ... and producing at the time injury to the physical structure of the body.”
We have examined the record and find that there is legal evidence to support the court’s factual findings. Specifically, the employee’s doctor said her ankle was not unstable prior to the fall, that the employee had never complained before that her ankle had ever given way, and that prior to the fall the employee had no restrictions of her work activities. Further, the employee herself testified that she left a patient’s room in a hurry in an attempt to finish up for the next shift, made a short step, stubbed her toe and fell over her feet.
Thus, although there was evidence that the employee had an arthritic condition, a reasonable view of the evidence was also that the employee, while performing her duties, tripped and fell, which caused her injury.
No dispute exists concerning the fact that the employee’s fall occurred in the course of her employment. Instead, the employer questions whether the accident arose out of her employment; in short, whether the rational mind could trace the injury to a proximate cause set in motion by the employment, rather than some other agency. Slimfold Manufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981).
The employer contends that because the employee had an arthritic condition in her joints, she had a pre-existing condition, which was the cause of her accident and which should have prevented her from recovering benefits. The evidence cited by the trial court supports a conclusion that the employee's fall was an accident as defined by the statute. The employee testified that she fell because she was hurrying and that she stubbed her toe and tripped. Thus, it was not an unexplained fall precluding the employee from recovering. See Slimfold Mfg. Co.
A pre-existing condition, as defined in § 25-5-58, Code 1975, is not present for purposes of compensation if prior to the accident the employee was able to perform her duties. International Paper Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App.1986). Here, the evidence was that the employee had an arthritic condition; however, it had not hampered her work prior to the accident. Further, there was evidence that the injury occurred because she was in a hurry at work and that that hurry caused her to trip and fall.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
RUSSELL and THIGPEN, JJ., concur.