Dunlop Tire Rubber Co. (Dunlop) appeals from a judgment awarding Joyce M. Pettus workers' compensation benefits for permanent and total disability.
Pettus originally filed a complaint for workers' compensation benefits in April 1991, alleging that she was permanently and partially disabled due to on-the-job back injuries she sustained in April 1989 and January 1990, while performing her duties for Dunlop. As a result of these injuries, Pettus underwent back surgery in August 1989 and in February 1990.
The record shows that Pettus returned to Dunlop after the February 1990 surgery, working without incident until December 1990, when she was reassigned to a position requiring her to engage in repetitive lifting and bending. According to Pettus, after working in this position for approximately three months, she began to experience increasingly severe back pain, which led to her filing of the workers' compensation claim.
In June 1991, while the workers' compensation claim was still pending, Pettus visited Dunlop's company physician, complaining of an onset of especially severe back pain. Pettus was referred to a neurosurgeon, who diagnosed her as having a ruptured disc one spinal level below her April 1989 and January 1990 injuries. The neurosurgeon performed back surgery on Pettus in July 1991, Pettus's third such surgery since August 1989. Pettus returned to work for Dunlop in September 1991. However, back pain prevented her from performing her job.
In August 1992, shortly before her workers' compensation case was heard, Pettus amended her complaint to include reference to her ongoing back problems and to her third back surgery in July 1991. She also alleged that her disability had become permanent and total.
Following an ore tenus proceeding, the trial court entered an order which, in part, provided:
 "The court . . . finds from the evidence that the plaintiff underwent three back surgeries following her initial injury of April 5, 1989, and that all surgeries were required and were a result of her service to the defendant corporation as an employee.
". . . .
 "The court finds, from all the evidence, that the plaintiff is totally and permanently disabled within the meaning of Alabama Code Section 25-5-57(4)(d)."
The trial court awarded Pettus permanent and total disability benefits accordingly.
On appeal, Dunlop contends that Pettus's permanent and total disability is not attributable to a work-related accident but arose instead out of injuries different from the injuries of April 1989 and January 1990 specifically cited by the trial court.
In reviewing workers' compensation cases, this court must first see if there is any legal evidence to support the trial court's findings. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991).
For an employee's injury to be compensable under our workers' compensation laws, the injury must be "caused by an accident arising out of and in the course of" the employee's employment. § 25-5-51, Code 1975. The term "in the course of" refers to time, place, and circumstances under which the accident took place. Wiregrass Comprehensive Mental Health Clinic, Inc. v.Price, 366 So.2d 725 (Ala.Civ.App. 1978). The term "arising out of" involves a causal relationship between the injury and the employment. Wiregrass, supra.
It is well settled that an employee carries the burden of proving the causal relationship between her employment and the injury for which she seeks compensation. Cooper v. WesternSupermarkets, 553 So.2d 1153 (Ala.Civ.App. 1989). *Page 315 
Dunlop maintains that Pettus failed to establish this causal relationship, arguing that the evidence shows that Pettus was not totally disabled before her third back injury in 1991 — an injury which Dunlop says the trial court did not find to have occurred on the job. Dunlop further argues that Pettus's third back injury could not have been related to her first two injuries because the third injury occurred at a different level of Pettus's spine, and there was no medical testimony linking the third injury to the previous two.
We note, however, that although the trial court did not specifically find that Pettus suffered a third on-the-job injury in 1991, it did find that her back injuries were incurred while she was "working and acting within the line and scope of her duties as an employee" and that all three of her back surgeries "were required and were a result of her service . . . as an employee."
Pettus testified that in March 1991, approximately three months after she was reassigned by Dunlop to duties involving repetitive lifting and bending, she began to experience severe back pain during her work shift. Dunlop's company nurse testified that Pettus frequently visited the company's first aid station in the spring of 1991 complaining of back pain. Evidence shows that Dunlop referred Pettus to its company doctor, who testified that he examined Pettus on April 2, 1991, and that Pettus's complaints of back pain were to such a level at that time that he sent Dunlop a list of restrictions limiting her work duties. Dunlop's doctor also testified that Pettus again saw him in June 1991 and informed him that her back pain had been so severe the previous day that she could not walk. Evidence shows that, after this visit, Dunlop's doctor removed Pettus from work altogether and referred her to a neurosurgeon. The neurosurgeon diagnosed Pettus as having a ruptured disc, and back surgery was performed within four weeks.
The neurosurgeon testified by deposition that it was his opinion that Pettus's back problems, including her problems of 1991, were caused by her work activities of repetitive lifting and bending. There was additional medical testimony discounting the probability that events unrelated to Pettus's work had caused or aggravated her back injury. There was vocational testimony at trial that Pettus was unable to engage in gainful employment due to her physical disabilities. Clearly, the trial court was in a position to conclude that Pettus's permanent and total disability arose out of injuries incurred through her employment with Dunlop.
We note that, for the purpose of workers' compensation, it was not necessary for Pettus to show that her 1991 injury arose from a sudden, traumatic event. If an employee's job causes her injury, the injury is an "accident." Ex parte Harris,590 So.2d 285 (Ala. 1991).
We have reviewed the record with the applicable legal principles in mind and conclude that there was legal evidence to support the trial court's findings and that a reasonable view of that evidence supports the trial court's judgment. The trial court's judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.