Shelby Jean Morgan sued her employer, Wal-Mart Stores, Inc. ("Wal-Mart"), on July 12, 1999, seeking to recover workers' compensation benefits. Wal-Mart filed an answer denying the material allegations of Morgan's complaint. Wal-Mart moved for a summary judgment, arguing that Morgan failed to present substantial evidence indicating the cause of her fall. The trial court denied Wal-Mart's motion for a summary judgment on December 5, 2000. Following an ore tenus proceeding conducted on April 24, 2001, the trial court entered a judgment finding Morgan permanently and totally disabled and awarding her benefits. Wal-Mart appealed.
The essential facts in this case are not disputed by the parties. The record indicates that Morgan began working for Wal-Mart in 1986. Morgan testified that the accident that caused her injuries occurred on July 26, 1997. At the time of the accident, Morgan was working as a cashier. She testified that she was returning to her cash register after assisting a customer when she lost her balance and fell. Morgan injured her hip in that fall.
Morgan and Wal-Mart's counsel engaged in the following exchange during the hearing in this case:
 "Q. Now, let's talk about your fall a little bit, Ms. [Morgan]. You don't know what made you fall, do you?
"A. I just lost my balance.
"Q. Do you know what made you lose your balance? *Page 743 
"A. No.
 "Q. Can you sit here and [say] what connected with your job duties and your workplace caused you to lose your balance?
 "A. I had helped that lady. She needed assistance in the dressing room and I had asked [a co-worker if she had] a key and then I went — she said the dressing room was unlocked so the lady went in and after that I started to go back to check.
 "Q. How did your helping that lady make you lose your balance?
 "A. I was just going back to the register and I lost my balance when I turned.
 "Q. But it had nothing to do with your job duties your falling down, did it? Nothing to do with your job or your workplace had anything at all to do with causing you to fall down, did it?
"A. No, probably not.
 "Q. Okay. And you could have just as well fallen at home for the same reason?
"A. Well, I never had.
"Q. Well, you never had, but you could, couldn't you?
"A. Probably.
 "Q. Because you don't know why you fell. At that very moment you could have been at home and fallen and still wouldn't know the reason, you could have just as well been at home?
"A. Yes, sir.
 "Q. So nothing to do with your work or your job duties had anything to do to cause you to fall?
 "A. Well, in a way I think it did because I was working and I was on that tile.
"Q. But you don't know what made you fall?
 "A. Not really. I didn't pass out or anything. . . . I knew everything that was going on. I wasn't sick."
Morgan testified that, after she fell, she felt pain in her hip. Morgan sought treatment from several physicians regarding her injuries. On March 20, 2000, Morgan had a total hip replacement. Patsy Bramlett, a vocational consultant, performed a vocational assessment of Morgan and concluded that Morgan was 100% vocationally disabled.
The trial court's judgment stated, in part:
 "The evidence is undisputed that after helping a customer, [Morgan] turned to go back to her cash register, lost her balance and fell. [Morgan] also testified that it is possible that her foot slipped on the tile floor when she turned. . . . Therefore, the resultant injury can be traced to a proximate cause set in motion by the employment."
Because the facts in this case are, in relevant part, undisputed, the ore tenus standard does not apply to those undisputed facts, and this court does not afford the trial court's judgment a presumption of correctness. Gilbert v. Tyson Foods, Inc., 782 So.2d 786, 789
(Ala.Civ.App. 2000) (citing Beavers v. County of Walker, 645 So.2d 1365,1372 (Ala. 1994)); see also § 25-5-81(e)(1), Ala. Code 1975. Therefore, this court's review of the application of the law to the undisputed facts is de novo. Gilbert v. Tyson Foods, Inc., supra.
Wal-Mart argues on appeal that the trial court erred in finding that Morgan's injury arose out of her employment. In order for Morgan's injury to be compensable under the Workers' *Page 744 
Compensation Act, Ala. Code 1975, § 25-5-1 et seq., it must be "caused by `an accident arising out of and in the course of'" her employment. Meeks v. Thompson Tractor Co., 686 So.2d 1213, 1215
(Ala.Civ.App. 1996) (quoting § 25-5-51, Ala. Code 1975). Wal-Mart argues that Morgan's injury was not compensable under the Act because, it argues, she did not establish a causal connection between the injury and her employment. The parties do not dispute that Morgan's fall occurred in the course of her employment, but Wal-Mart argues that Morgan's injuries were not caused by an accident that arose out of her employment. In order for Morgan's injuries to "arise out of" her employment, there must be "a causal relationship between the injury and the employment." Dunlop Tire Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App. 1993). Morgan has "the burden of proving that [her] injury arose out of [her] employment." Ex parte Patterson, 561 So.2d 236, 238 (Ala. 1990) (citingSouthern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159 (1957)).
The Supreme Court of Arizona has set forth an excellent discussion of the various tests used to determine whether an injury arose out of an employee's employment:
 "Courts have taken three approaches in addressing the `arising out of' element in unexplained fall cases. A first approach requires the worker to rule out [unknown] causes for the fall, and if he or she carries that burden, an inference arises that the fall arose out of the employment. Using this approach, the Oregon Supreme Court has applied a `work-connection' test to determine whether an injury arises out of and in the course of employment. Phil A. Livesley Co. v. Russ, 296 Or. 25, 672 P.2d 337 (Or. 1983). The `work-connection' test focuses on whether the relationship between the injury and the employment is sufficient for the injury to be compensable. Id. It does not require claimant to prove each element of the Workers' Compensation Act separately; if the `in course of' test is fully met, it may compensate for the `arising out' of test, provided the employee rules out [unknown] causes. Id. . . .
 "A second approach places the burden on the employee to show a causal connection between the injury and the employment.[5] This is the most difficult burden of causation for an employee to meet, and benefits will be denied where a causal connection is not established. . . .
 "A third approach, which seems to be the majority approach, is the positional-risk doctrine. 1 A. Larson [The Law of Workmen's Compensation] § 10.31(a), at 3-94 through 3-95 [(1990)]. . . .
 ". . . [The] but-for reasoning is the foundation of the positional-risk doctrine. Under this doctrine, claimant is not required to rule out idiopathic causes, i.e., pre-existing infirmities. . . . As succinctly stated by Larson:
 "`An injury arises out of the employment if it would not have occurred but for the fact that the conditions and obligations of the employment placed claimant in the position where he was injured. It is even more common for the test to be approved and used in particular situations. This theory supports compensation, for example, in cases of stray bullets, roving lunatics, and other situations in which the only connection of the employment with the injury is that its obligations placed the employee in the particular place at the particular time when he was injured by some neutral force, meaning by `neutral' neither personal to claimant nor distinctly associated with the employment.' *Page 745 
 "1 A. Larson § 6.50, at 3-6 through 3-7. In cases adopting the positional-risk doctrine, if the `in course of' employment test is met, the injury will be presumed to `arise out of' the employment. . . .
 "[5] See, e.g., Slimfold Mfg. Co. v. Martin, 417 So.2d 199
(Ala. [Civ.] App. 1981) (death benefits denied where claimant failed to establish definite causal connection between work and injury); McClain v. Chrysler Corp., 138 Mich. App. 723, 360 N.W.2d 284
(1984) (benefits denied); Wheaton v. Reiser Co., 419 S.W.2d 497 (Mo.App. 1967) (death benefits denied); Eggers v. Industrial Comm'n, 157 Ohio St. 70, 104 N.E.2d 681 (1952) (death benefits denied); Grassel v. Garde Mfg. Co., 90 R.I. 1, 153 A.2d 527 (1959) (benefits denied)."
Circle K Store No. 1131 v. Industrial Comm'n of Arizona, 165 Ariz. 91,95-96, 796 P.2d 893, 897-98 (1990) (emphasis in original; one footnote omitted). The Supreme Court of Arizona adopted the "positional-risk doctrine." Circle K Store No. 1131 v. Industrial Comm'n,165 Ariz. at 96, 796 P.2d at 898.
The leading case in Alabama governing whether an accident arose out of an employee's employment is Slimfold Manufacturing Co. v. Martin,417 So.2d 199 (Ala.Civ.App. 1981). In Slimfold Manufacturing Co., the employee left a meeting at work, waited to use a copy machine, and fell to the floor; the employee hit his head on the floor and lost consciousness. The employee's coworkers did not witness his fall, and the employee could not explain the accident when he regained consciousness. The employer presented evidence that indicated that the employee fainted because he suffered from cirrhosis of the liver. The trial court found that while the cause of the fall was "not clearly determined," the fall itself was an "accident" under the Workers' Compensation Act. SlimfoldMfg. Co, 417 So.2d at 200. This court reversed the trial court's judgment awarding workers' compensation benefits to the claimant, the employee's widow, holding that the claimant had not established causation. In so holding, this court explicitly rejected the "but-for" test in determining causation in workers' compensation cases. 417 So.2d at 201. This court explained:
 "[I]n Alabama the employment must be the source and cause of the accident. Our supreme court in Wooten v. Roden, 260 Ala. [606,] 610, 71 So.2d [802,] 805 [(1954)], stated that in order to satisfy the `source and cause' requirement `the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. . . .'"
Slimfold Mfg. Co., 417 So.2d at 201-02. The court then stated that "[t]he but-for test is clearly not the test for causation under Alabama's [Workers'] Compensation Act. Instead, the burden is on the claimant toestablish a definite causal connection between the work and the injury."Id. at 202 (emphasis added).
In Red Mountain Construction Co. v. Neely, 627 So.2d 931, 933
(Ala.Civ.App. 1993), this court, citing Slimfold Manufacturing Co., supra, reiterated that Alabama has rejected the "but-for" test for causation in workers' compensation actions and instead requires the worker to present evidence of a causal connection between his or her employment and the injury. In Red Mountain Construction, the worker testified he fell off a machine he was repairing. The employer disputed that testimony; it also noted that no one witnessed the accident. The trial court found that the worker's injury arose out of his employment; this court affirmed that finding, concluding that the record contained evidence to support the trial court's determination as to that issue. RedMountain Constr., 627 So.2d at 933. *Page 746 
In Gold Kist, Inc. v. Oliver, 526 So.2d 588 (Ala.Civ.App. 1988), the employee fell at the employer's poultry plant. The employee could not remember the events surrounding her fall, but the evidence indicated that the floor where the employee worked was normally wet from water and chicken residue. The trial court found that the wet floor was one of the factors that caused the employee's on-the-job accident. This court affirmed the trial court's judgment, holding that the issue of causation had been "explained to the satisfaction of the trial court, i.e.[, the employee] slipped on the wet concrete floor and fell." Gold Kist, Inc., 526 So.2d at 589.
In this case, Morgan lost her balance and fell. Morgan testified that she did not know what caused her to fall. Morgan testified that the tile floor at Wal-Mart was a possible cause of her accident because the floor was sometimes "slippery." However, Morgan did not know whether her accident was caused by the tile floor, and she did not testify that she slipped on the floor. The record contained no evidence indicating that the floor was wet or that it posed a risk to Morgan. Morgan testified that she did not see any water on the floor and that she simply lost her balance and fell. Morgan also testified that her workplace "probably" had nothing to do with her accident, and that she did not know what caused her to lose her balance. The trial court found only that Morgan "lost her balance and fell." Other than Morgan's conjecture that she "might" have slipped on the floor, the record does not contain evidence indicating that the floor caused Morgan's injury. "[A]n employer is not the absolute insurer of an employee's health and should bear only the costs of compensating employees for accidents that arise out of and in the course of their employment." Ex parte Trinity Indus., Inc., 680 So.2d 262, 265
(Ala. 1996) (footnote omitted).
Unlike the trial court in Gold Kist, Inc., supra, the trial court in this case did not infer that the tile floor caused Morgan's fall; the trial court only noted Morgan's testimony that it was "possible that her foot slipped on the tile floor when she turned." The facts of this case are distinguishable from those of Red Mountain Construction Co. v.Neely, supra, because Morgan herself could not identify the cause of her fall. We conclude that the evidence in the record does not support a conclusion that Morgan's injury arose out of her employment. See SlimfoldMfg. Co. v. Martin, supra. Therefore, we must hold that the trial court erred in awarding Morgan workers' compensation benefits for that injury.
REVERSED AND REMANDED.
Crawley, Pittman, and Murdock, JJ., concur.
Yates, P.J., concurs in the result.