On June 8, 1999, Marty Casteel ("the worker"), by and through his next friend, Melisa Johnson, sued the worker's employer, Wal-Mart Stores, Inc., seeking workers' compensation benefits for an injury the worker claimed to have suffered in the line and scope of his employment. On February 12, 2001, Wal-Mart moved for a summary judgment. On May 4, 2001, the trial court entered a summary judgment in favor of Wal-Mart.
Casteel appealed, arguing that the judgment did not comply with §25-5-88, Ala. Code 1975. He also argued that the summary judgment was erroneous because, he said, he had presented substantial evidence creating genuine issues of material fact with respect to whether his injury was compensable and whether the applicable statutory limitations period had been tolled by what he claimed was his incapacity.
On February 22, 2002, this court determined that the resolution of the issue regarding § 25-5-88 was dispositive of the appeal; we reversed the summary judgment and remanded the cause for the circuit court to make the necessary findings of fact and conclusions of law. On remand, the circuit court entered a comprehensive order that outlines the facts and applies *Page 349 
the law to those facts. Our review of a summary judgment is de novo.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala. R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
The pertinent facts relating to the compensability of the worker's injury are essentially undisputed. The circuit court's order states, in part:
 "[The worker] was an employee of the Wal-Mart Distribution Center located in Cullman, Alabama during May of 1994. His job duties included filling orders for cases of merchandise in the warehouse. That position did not require [the worker] to use any equipment other than his own hands, the labels that he placed on the cases of merchandise, and a back support belt to protect him when lifting the cases of merchandise.
 "On the evening of May 7, 1994, [the worker] was found lying on the floor of his work area by his supervisor John Kuhlmeyer. When found by Mr. Kuhlmeyer, [the worker] had some blood on his head, coming from a cut that did not appear to be severe. The labels and the merchandise found near [the worker's] body indicate that he had been working in the same general area on the ground level where he was found. An investigation of the area where he was found did not reveal any objects or substances that could have caused [the worker] to fall.
 "[The worker] himself has no recollection of what occurred on that date, or how he ended up on the floor. There were no witnesses as to what occurred.
 "After he was found, an ambulance transported [the worker] to the Cullman Medical Center emergency room. According to the emergency room physician, [the worker] was `combative' and brought in under `full spinal restraints' and his behavior was `odd.' [The worker] was thereafter transferred to Brookwood Medical Center for further diagnostic testing. Although there was initial speculation as to a possible skull fracture, subsequent diagnostic tests clearly revealed that [the worker] did not suffer any skull fracture, and his CT head scan was ultimately found to be normal in appearance. While hospitalized, [the worker] began having seizures, and the initial primary physicians were suspicious that [the worker] may have had a seizure while working, which caused him to fall and hit his *Page 350 
head on the floor. From [the worker] and his family, the physicians learned that [the worker] had a very definite history of drug abuse, including marijuana, cocaine and LSD.
 "The evidence showed that [the worker] tested positive for marijuana upon admittance to the hospital, and, as a result, Wal-Mart denied his claim based upon his voluntary intoxication. Upon discharge from Brookwood Medical Center, [the worker] immediately entered a drug rehabilitation program at Bradford Parkside.
 "There is no dispute but that [the worker] currently suffers from a severe seizure disorder. He has undergone regular treatment for this seizure disorder since May 1994, with varying degrees of success. . ..
". . . .
 "Despite extensive medical evaluation and treatment, none of [the worker's] multitude of physicians, including Dr. Faught, Dr. Staner, Dr. Lewis, Dr. McDaris, Dr. Norwood, and Dr. Knowlton, [has] been able to determine whether [the worker] had a seizure and then fell, or whether he fell and began having seizures as a result. The only opinion offered one way or the other by any of [the worker's] physicians was at Brookwood Medical Center where [the worker] was treated in the days following his fall. The Brookwood physicians indicated that the [worker's] seizures may have been caused by his abuse of illegal drugs which resulted in his fall at work. Other than that one medical record, there is absolutely no other evidence which indicates what happened to [the worker] on May 7, 1994. None of the doctors who were deposed in this case could offer any opinion one way or the other as to what happened. Although Dr. Faught testified that a blow to the head could cause a seizure disorder, he testified that he could not say whether a seizure occurred causing [the worker] to fall, or whether [the worker] fell and hit his head which resulted in the seizure disorder."
This case is indistinguishable in all material respects from SlimfoldManufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App. 1981). InSlimfold, the worker suffered an "unexplained fall" for which he could not identify a reason and to which there were no witnesses. The employer presented evidence indicating that the worker's fall was caused by a fainting spell brought on by cirrhosis of the liver. The trial court awarded compensation benefits. This court reversed, holding that the worker had not met his burden of proving causation, i.e., he had failed to establish that his employment was the "source and cause" of his injury. In Slimfold, this court stated:
 "[I]n Alabama the employment must be the source and cause of the accident. Our supreme court in Wooten v. Roden, 260 Ala. [606] at 610, 71 So.2d [802] at 805 [(1954)], stated that in order to satisfy the `source and cause' requirement `the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise. . . .'"
417 So.2d at 201-02. The court stated that "[t]he but-for test is clearly not the test for causation under Alabama's [Workers'] Compensation Act. Instead, the burden is on the claimant to establish a definite causal connection between the work and the injury." Slimfold, 417 So.2d at 202.See also Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741, 742
(Ala.Civ.App. 2002) (reversing an award of benefits because the worker did not establish the cause of her fall other than to testify that she must have "lost her balance"). *Page 351 
In the present case, as in Slimfold, the worker did not rebut the inference that an idiopathic factor[1] — in Slimfold cirrhosis of the liver; here, long-term drug abuse — may have caused his fall.Compare Ex parte Patterson, 561 So.2d 236, 239 (Ala. 1990) (reversing a denial of benefits because, among other reasons, the evidence "was sufficient to show, at least prima facie, that there was no basis upon which to reasonably infer that idiopathic factors played a role in the accident"). As in Slimfold, the worker here did not establish the causation element of his claim for workers' compensation benefits.
"[T]he appellate courts will affirm the trial court if its ruling is correct on any valid ground." Rogers Found. Repair, Inc. v. Powell,748 So.2d 869, 872 (Ala. 1999). Because we affirm the circuit court's judgment based on its determination that the worker had not suffered a compensable injury, we need not address the statute-of-limitations issue.
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
[1] As the Alabama Supreme Court explained in Ex parte Patterson, 561 So.2d at 238 n. 2,
 "We use the word `idiopathic' as it is used by Professor Larson, to mean `peculiar to the individual' and not `arising from an unknown cause.' Idiopathic refers to an employee's preexisting physical weakness or disease. 1 Larson, Workmen's Compensation Law
§ 12.00."