Because I believe that Romines suffered a compensable injury, I must respectfully dissent from the main opinion.
As the main opinion points out, the trial court and Romines treated Romines's claim as one seeking compensation for a nonaccidental injury. For an injury to be compensable, it must be "caused by an accident arising out of and in the course of" the employee's employment. § 25-5-51, Ala. Code 1975. The phrase "arising out of" an employee's employment requires a causal connection between the injury and the employment. Dunlop Tire Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App. 1993). The phrase "in the course of the employee's employment" refers to the time, place, and circumstances under which the accident occurred. Id. To establish causation in a workers' compensation case where the injury is nonaccidental, i.e., where the injury was not caused by some sudden and unexpected external event, an employee must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation. Ex parte Trinity Indus., Inc.,680 So.2d 262, 269 (Ala. 1996). See also City of Tuscaloosa v. Howard,55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App. 1975). To prove "legal causation," one need only establish that "the performance of his or her duties as an employee exposed him or her to a `danger or risk materially in excess' of that to which people are normally exposed in their everyday *Page 878 
lives." Ex parte Trinity Indus., Inc., 680 So.2d at 267, quoting Howard, 55 Ala.App. at 705, 318 So.2d at 732. To establish medical causation, a claimant "must produce substantial evidence tending to show that the exposure to risk or danger proven in step one of the Howard test `was in fact [a] contributing cause of the injury' for which benefits are sought."Ex parte Trinity Indus., Inc., 680 So.2d at 269, quotingHoward, 55 Ala.App. at 706, 318 So.2d at 732.
I disagree with the main opinion's conclusion that Romines's claim is based on a mental disorder rather than a physical injury and is therefore not compensable. In Safeco Insurance Cos. v.Blackmon, 851 So.2d 532 (Ala.Civ.App. 2002), an employee sued his employer seeking to recover workers' compensation benefits related to his coronary artery disease, which he claimed was caused in part by work-related stress. The evidence in Blackmon
indicated that the employee's job had become significantly more stressful over a two- to three-month period. The medical evidence presented in that case indicated that the employee's work-related stress was a contributing cause of the employee's coronary artery disease. The trial court determined that the employee suffered a 30% physical impairment and awarded benefits accordingly. This court reversed the judgment of the trial court in Blackmon, concluding that the employee failed to prove legal and medical causation; however, this court analyzed the employee's claim seeking recovery for coronary artery disease brought on in part by his work-related stress as a claim for a nonaccidental injury. In doing so, this court noted that the employee's complaint sought recovery for an "injury" and that the employee's counsel advised the trial court that the parties had stipulated that an issue for the court to consider was "`whether the accident arose out of and in the course of the employment.'" Blackmon, 851 So.2d at 537.
Romines claims that he is not seeking recovery for a mental disorder; rather, he says, he is seeking recovery for symptoms related to his diagnosis of high blood pressure or hypertension, which he claims resulted from his work-related mental stress. Romines alleged in his complaint that he
 "suffered an accident[6] related injury . . . and . . . that the performance of his duties of employment exposed [him] to a danger and/or risk materially in excess of that to which people not so employed are ordinarily exposed in their everyday lives and that the exposure to this risk was a contributing cause of [his] injury."
Counsel for Romines stated to the trial court on the record at the beginning of the ore tenus proceeding that the issue for determination is "causation." I do not believe that the allegations of injury in this case are distinguishable from those in Blackmon; therefore, I, as the trial court did, would treat Romines's claim as one seeking recovery for a nonaccidental injury.
After reviewing the record, I conclude that substantial evidence exists to support the court's judgment that work-related stress caused Romines's hypertension to become unmanageable, thus causing him to be permanently and totally disabled. Accordingly, I respectfully dissent from the main opinion.
[6] Although Romines's complaint uses the word "accident," it is clear to me that when this allegation is viewed in context with the remainder of the complaint, he intends to allege a "nonaccidental" injury. *Page 879