PITTMAN, Judge.
In August 2006, Lana T. Brown (“the employee”) sued, along with several fictitiously named defendants, Patsy Patton, an individual doing business under the name “Korner Store” (“the employer”), in the Bibb Circuit Court. The employee alleged in her complaint that on or about August 3, 2004, she tripped and fell while in the line and scope of her employment, suffering a disabling left-wrist injury for which, she said, the employer should be responsible for providing compensation and medical benefits under the Alabama Workers’ Compensation Act, Ala.Code *588 1975, § 25-5-1 et seq. (“the Act”). The employer denied the material allegations of the complaint in her answer and asserted several affirmative defenses.
In January 2008, the employee filed a motion for a partial summary judgment as to the issue of the employer’s liability; that motion was supported by the employee’s affidavit, her responses to the employer’s interrogatories, and various medical records. The employer filed a cross-motion for a summary judgment in her favor, supported by excerpts from the transcript of the employee’s deposition; the employee filed a response in opposition to the employer’s summary-judgment motion. A videographic recording of the fall, obtained from the employer’s closed-circuit-television system, was also submitted into evidence. After a hearing, the trial court entered a summary judgment in favor of the employer on the authority of Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741 (Ala.Civ.App.2002), an opinion pertaining to causation under the Act that the trial court deemed itself compelled to follow despite the existence of seemingly contrary caselaw from this court (see Phenix Med. Park Hosp. v. Kozub, 575 So.2d 1162 (Ala.Civ.App.1991)). The employee timely appealed from the summary judgment.
“ ‘[An appellate court] reviews a summary judgment de novo. We seek to determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and has demonstrated that the movant is entitled to a judgment as a matter of law. In reviewing a summary judgment, [an appellate court] review[s] the evidence in the light most favorable to the nonmovant. Once the movant makes a prima facie showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce “substantial evidence” creating a genuine issue of material fact. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’ ”
Sartin v. Madden, 955 So.2d 1024, 1026-27 (Ala.Civ.App.2006) (citations omitted; quoting Muller v. Seeds, 919 So.2d 1174, 1176-77 (Ala.2005)).
The record reflects the following undisputed facts. The employee, who was approximately 60 years old at the time of her injury, worked for the employer as a store cashier, a job that occasionally entailed performing duties such as stocking coolers on the store premises. The employee was required to work a full eight-hour shift without rest breaks, but she was allowed to drink cups of coffee while working at the cash register in the store. On August 3, 2004, the employee had left the area of the cash register to obtain some coffee when she noticed that a customer nearby was moving towards the cash register, intending to make a purchase. The video-graphic record of the event shows that the employee, after noticing that customer, turned around, took several quick steps toward the cash register, tripped, and fell to the floor; the impact caused her to break her left wrist. The employee had noticed no hazardous material on the floor of the store where she fell at the time of her fall, nor is any such material apparent from the videographic recording of the fall, and she testified that she did not know why she fell. The employee’s injured wrist was later placed in a cast, and she returned to work the following day; she continued to work normally for the employer until leaving her employment in January 2005 to care for her grandchild, and the employee admitted that she did not believe that she was disabled from working should she choose to do so.
*589 Under §§ 25-5-51 and 25-5-77(a), Ala.Code 1975, taken together, an employer must pay compensation for, and provide medical benefits as to, its employee’s injury that is caused by “an accident arising out of and in the course of [his or her] employment” without regard to the negligence of the employer or the employee. There is no dispute that the employee’s accident occurred “in the course of’ her employment, i.e., within the' period of employment at a place where the employee would reasonably be and while she was reasonably fulfilling employment duties or engaged in doing something incident to it. See Pittsburg & Midway Coal Mining Co. v. Rubley, 882 So.2d 335, 340 (Ala.Civ.App. 2002). Rather, the issue presented is whether the employee’s accident arose out of her employment, i.e., whether there was “a causal relationship between the injury and the employment.” Dunlop Tire & Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App.1993).
The principal “fault line” that has been revealed by the application of the “arising out of’ requirement by Alabama courts is the distinction between accidents that are at least partially attributable to an affirmative employment contribution and those that are attributable solely to what are called “idiopathic” factors, a term that “refers to an employee’s preexisting physical weakness or disease” that is “ ‘peculiar to the individual’ ” employee. Ex parte Patterson, 561 So.2d 236, 238 n. 2 (Ala.1990). Thus, a fall may, under the appropriate circumstances, properly be deemed an accident arising out of employment. See Kozub, 575 So.2d at 1163 (even though nursing assistant had preexisting arthritic condition in her right ankle, fall sustained because assistant hurriedly left a patient’s room was “tracefable] ... to a proximate cause set in motion by the employment, rather than some other agency”). In contrast, a fall may, under the appropriate circumstances tending to show an idiopathic factor, not be an accident arising out of employment. See Rubley, 882 So.2d at 342 (holding that a coal miner’s fall after completing ascent of potentially slippery mine stairs lacked an “affirmative employer contribution” and necessarily would have been the product of medical factors personal to the miner such as his low blood sugar).
In Morgan, this court reversed a judgment that had been entered in favor of a retail cashier seeking benefits under the Act under factual circumstances similar to those present in this case. After citing various cases in which this court had considered the “arising out of’ element of compensability, we concluded in Morgan that because the cashier did not know what had caused her to lose her balance and had admitted that the workplace probably had nothing to do with the accident in which she was injured, no substantial evidence supported the proposition that the cashier’s injury arose out of her employment. 830 So.2d at 746. Not surprisingly, the employer has relied heavily upon Morgan in seeking affirmance, while the employee has intimated that this court should overrule Morgan.
We need not address whether Morgan is due to be overruled by this court, however. Just over two years after Morgan was decided, the Alabama Supreme Court issued its decision in Ex parte Byrom, 895 So.2d 942 (Ala.2004). In Byrom, the Alabama Supreme Court concluded that an automotive-service manager who had been injured while using a telephone during an electrical storm by an electrical surge stemming from a bolt of lightning had suffered an “accidental” injury. Most pertinently, Byrom deemed controlling language contained in a footnote in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), to the effect that an employee *590 who claims to have been injured by “a sudden and traumatic external event” that would constitute “an ‘accident’ in the colloquial sense” need only, in order to demonstrate legal causation, “produce substantial evidence tending to show that the alleged ‘accident’ occurred” (680 So.2d at 266 n. 3). In the words of Byrom, Trinity “does not require proof beyond the fact of the accident itself that the accident arose out of the employee’s employment.” 895 So.2d at 947 (emphasis added).
That Byrom has significantly altered the post-Morgan legal landscape is a fact that has not been lost upon at least one judge of this court, whose special opinion in Goodyear Tire & Rubber Co. v. Muilenburg, 990 So.2d 434 (Ala.Civ.App. 2008), illustrates the effect of Byrom:
“In this case, as in Byrom, the employee is claiming that he was injured in an ‘accident.’ The record contains various versions of how this ‘accident’ happened, but it is undisputed that while working the employee unexpectedly fell, immediately and severely injuring his left leg. Having proven that he had sustained an ‘accident’ while working, the employee, according to Byrom, did not need to prove any additional facts in order to satisfy the ‘arising-out-of-the-employment’ requirement.
“I fully recognize that Byrom did not involve an injury caused by a fall. However, the holding of Byrom is phrased so broadly that I can conclude only that the supreme court intended that it would apply to all ‘accidental’ injuries. I am also fully aware that a line of decisions from this court that were issued before Byrom rejected a legal test similar to the one adopted in Byrom when determining whether an injury suffered as the result of a fall is compensable. See Casteel ex rel. Johnson v. Wal-Mart Stores, Inc., 860 So.2d 348 (Ala.Civ.App. 2003); Pittsburg & Midway Coal Mining Co. v. Rubley, 882 So.2d 335 (Ala.Civ.App.2002) (accord); Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741 (Ala.Civ.App.2002); and Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981), writ quashed, Ex parte Martin, 417 So.2d 203 (Ala.1982) (declining to use ‘but-for’ test to determine com-pensability of fall at work). Although I agree totally with the reasoning in those cases, and although I disagree totally with the analysis used in Byrom, unless and until our supreme court overrules it, this court must follow Byrom. See Ala. Code 1975, § 12-3-16.”
990 So.2d at 440 (Moore, J., concurring in the result). Thus, as Judge Moore has intimated, Byrom eliminates any requirement that might have been applied in Morgan to require an employee who falls at work, such as the employee in this case, to show legal causation beyond the fall itself.
After viewing the evidentiary record in a light most favorable to the nonmovant employee, as Sartin requires, we conclude that the employee adduced substantial evidence indicating that after having proceeded slowly from her assigned station at the cash-register counter of the store to another part of the store to obtain coffee, she then turned and more quickly moved back across the floor of the store in order to return to the cash register and to assist a customer who apparently was ready to present items for purchase before falling on the floor of the store. We therefore conclude that substantial evidence was presented tending to show that the employee’s accident was one that arose out of her employment. It follows, then, that the trial court’s summary judgment in favor of the employer, which was based upon that court’s determination that the employee had not adduced substantial evidence of the “arising out of’ prong of legal causa *591 tion under the Act, was erroneous and warrants reversal. We remand the cause for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.