SHAW, Justice.
Lana T. Brown, the plaintiff below, sued Patsy Patton d/b/a Korner Store (“Korner Store”) seeking worker’s compensation benefits. The trial court entered a summary judgment in favor of Korner Store, and Brown appealed to the Court of Civil *592 Appeals. That court reversed the decision of the trial court and remanded the case for further proceedings. Brown v. Patton, 77 So.3d 587 (Ala.Civ.App.2009). Korner Store petitioned this Court for a writ of certiorari to review the decision of the Court of Civil Appeals. We reverse the judgment of the Court of Civil Appeals and render a judgment in favor of Korner Store.

Facts and Procedural History

Korner Store operated a gas station/convenience store where Brown worked as a cashier. One day, while on duty, Brown walked to the store’s deli counter to refill her coffee cup. When Brown began walking back to the front of the store, she inexplicably fell, breaking her wrist. Brown subsequently filed a claim for worker’s compensation benefits, which Korner Store denied because, it contended, Brown’s fall was either attributable to an idiopathic characteristic[1] or was due to some unexplained, but not work-related, cause.
Brown filed an action seeking worker’s compensation benefits; Korner Store moved for a summary judgment. Relying on the Court of Civil Appeals’ decision in Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741, 746 (Ala.Civ.App.2002), which held, on markedly similar facts, that, because the employee was unable to identify a work-related cause for her fall, “the evidence in the record [did] not support a conclusion that [the employee’s] injury arose out of her employment” and did not, therefore, entitle her to worker’s compensation benefits, the trial court granted Korner Store’s summary-judgment motion.
The Court of Civil Appeals reversed the trial court’s judgment, concluding that this Court’s decision in Ex parte Byrom, 895 So.2d 942 (Ala.2004),
“deemed controlling language contained in a footnote in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), to the effect that an employee who claims to have been injured by ‘a sudden and traumatic external event’ that would constitute ‘an “accident” in the colloquial sense’ need only, in order to demonstrate legal causation, ‘produce substantial evidence tending to show that the alleged “accident” occurred’ (680 So.2d at 266 n. 3).”
Brown, 77 So.3d at 589-90. Based upon the foregoing rationale, the Court of Civil Appeals “conclude[d] that substantial evidence was presented tending to show that [Brown’s] accident was one that arose out of her employment.” 77 So.3d at 590. Korner Store petitioned this Court for cer-tiorari review, which this Court granted.

Standard of Review

“ ‘In reviewing a decision of the Court of Civil Appeals on a petition for a writ of certiorari, this Court “accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).’
“Ex parte Exxon Mobil Corp., 926 So.2d 303, 308 (Ala.2005).”
Ex parte Nathan Rodgers Constr., Inc., 1 So.3d 46, 49 (Ala.2008).

*593
Discussion

In its opinion in Broum, the Court of Civil Appeals correctly noted that causation under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”), was at issue in this case:
“Under §§ 25-5-51 and 25-5-77(a), Ala.Code 1975, taken together, an employer must pay compensation for, and provide medical benefits as to, its employee’s injury that is caused by ‘an accident arising out of and in the course of [his or her] employment’ without regard to the negligence of the employer or the employee. There is no dispute that the employee’s accident occurred ‘in the course of her employment, i.e., within the period of employment at a place where the employee would reasonably be and while she was reasonably fulfilling employment duties or engaged in doing something incident to it. Rather, the issue presented is whether the employee’s accident arose out of her employment, i.e., whether there was ‘a causal relationship between the injury and the employment.’ Dunlop Tire & Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App.1993).
“The principal ‘fault line’ that has been revealed by the application of the ‘arising out of requirement by Alabama courts is the distinction between accidents that are at least partially attributable to an affirmative employment contribution and those that are attributable solely to what are called ‘idiopathic’ factors, a term that ‘refers to an employee’s preexisting physical weakness or disease’ that is ‘ “peculiar to the individual” ’ employee. Ex parte Patterson, 561 So.2d 236, 238 n. 2 (Ala.1990). Thus, a fall may, under the appropriate circumstances, properly be deemed an accident arising out of employment.... In contrast, a fall may, under the appropriate circumstances tending to show an idiopathic factor, not be an accident arising out of employment....
“In [Wal-Mart Stores, Inc. v.] Morgan, [830 So.2d 741 (Ala.Civ.App.2002),] this court reversed a judgment that had been entered in favor of a retail cashier seeking benefits under the Act under factual circumstances similar to those present in this case. After citing various cases in which this court had considered the ‘arising out of element of com-pensability, we concluded in Morgan that because the cashier did not know what had caused her to lose her balance and had admitted that the workplace probably had nothing to do with the accident in which she was injured, no substantial evidence supported the proposition that the cashier’s injury arose out of her employment....”
Brown, 77 So.3d at 589. As noted above, the trial court determined that Morgan controlled in this case and that it mandates a judgment in favor of Korner Store. However, the Court of Civil Appeals held that, after Morgan was decided, the law regarding causation changed:
“Just over two years after Morgan was decided, the Alabama Supreme Court issued its decision in Ex parte Byrom, 895 So.2d 942 (Ala.2004). In Byrom, the Alabama Supreme Court concluded that an automotive-service manager who had been injured while using a telephone during an electrical storm by an electrical surge stemming from a bolt of lightning had suffered an ‘accidental’ injury. Most pertinently, Byrom deemed controlling language contained in a footnote in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), to the effect that an employee who claims to have been injured by ‘a sudden and traumatic external event’ that would constitute ‘an “accident” ’ in the colloquial sense need *594 only, in order to demonstrate legal causation, ‘produce substantial evidence tending to show that the alleged “accident” occurred’ (680 So.2d at 266 n. 3). In the words of Byrom, Trinity ‘does not require proof beyond the fact of the accident itself that the accident arose out of the employee’s employment.’ 895 So.2d at 947 (emphasis added).
“That Byrom has significantly altered the post-Morgan legal landscape is a fact that has not been lost upon at least one judge of this court, whose special opinion in Goodyear Tire & Rubber Co. v. Muilenburg, 990 So.2d 434 (Ala.Civ.App.2008), illustrates the effect of Byrom:
“ ‘In this case, as in Byrom, the employee is claiming that he was injured in an “accident.” The record contains various versions of how this “accident” happened, but it is undisputed that while working the employee unexpectedly fell, immediately and severely injuring his left leg. Having proven that he had sustained an “accident” while working, the employee, according to Byrom, did not need to prove any additional facts in order to satisfy the “arising-out-of-the-employment” requirement.
“ T fully recognize that Byrom did not involve an injury caused by a fall. However, the holding of Byrom is phrased so broadly that I can conclude only that the supreme court intended that it would apply to all “accidental” injuries. I am also fully aware that a line of decisions from this court that were issued before By-rom rejected a legal test similar to the one adopted in Byrom when determining whether an injury suffered as the result of a fall is compensable. See Casteel ex rel. Johnson v. Wal-Mart Stores, Inc., 860 So.2d 348 (Ala.Civ.App.2003); Pittsburg & Midway Coal Mining Co. v. Rubley, 882 So.2d 335 (Ala.Civ.App.2002) (accord); Wal-Mart Stores, Inc. v. Morgan, 830 So.2d 741 (Ala.Civ.App.2002); and Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981), writ quashed, Ex parte Martin, 417 So.2d 203 (Ala.1982) (declining to use “but-for” test to determine compensability of fall at work). Although I agree totally with the reasoning in those cases, and although I disagree totally with the analysis used in Byrom, unless and until our supreme court overrules it, this court must follow Byrom. See Ala.Code 1975, § 12-3-16.’
“990 So.2d at 440 (Moore, J., concurring ' in the result). Thus, as Judge Moore has intimated, Byrom eliminates any requirement that might have been applied in Morgan to require an employee who falls at work, such as the employee in this case, to show legal causation beyond the fall itself.”
Brown, 77 So.3d at 589-90. Under this interpretation of Byrom, the Court of Civil Appeals held that Brown had produced substantial evidence indicating that her accident was one that “arose out of her employment” and that the summary judgment for Korner Store was thus improper.
As the Court of Civil Appeals noted in Brown, it is well established that our courts have historically rejected a “but-for” test in workers’ compensation cases in favor of a “causal-connection” test. See, e.g. Slimfold Mfg. Co. v. Martin, 417 So.2d 199, 202 (Ala.Civ.App.1981) (“The but-for test is clearly not the test for causation under Alabama’s Workmen’s Compensation Act. Instead, the burden is on the claimant to establish a definite causal connection between the work and the injury.”). The rationale underlying the decision to apply the “causal-connection” test *595 is based on the language of the Act, which requires that, in order for an employee’s injury or death to be compensable, it must occur both in the course of the employee’s employment and arise out of that employment. 417 So.2d at 200. See also Wooten v. Roden, 260 Ala. 606, 611, 71 So.2d 802, 806 (1954) (“To justify recovery under the Workmen’s Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency.”).
In Morgan, supra, the Court of Civil Appeals provided a succinct explanation of the requirements of the Act:
“Wal-Mart argues on appeal that the trial court erred in finding that Morgan’s injury arose out of her employment. In order for Morgan’s injury to be compensable under the Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq., it must be ‘caused by “an accident arising out of and in the course of’ ’ her employment. Meeks v. Thompson Tractor Co., 686 So.2d 1213, 1215 (Ala.Civ.App.1996) (quoting § 25-5-51, Ala.Code 1975). Wal-Mart argues that Morgan’s injury was not compensable under the Act because, it argues, she did not establish a causal connection between the injury and her employment. The parties do not dispute that Morgan’s fall occurred in the course of her employment, but Wal-Mart argues that Morgan’s injuries were not caused by an accident that arose out of her employment. In order for Morgan’s injuries to ‘arise out of her employment, there must be ‘a causal relationship between the injury and the employment.’ Dunlop Tire & Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App.1993). Morgan has ‘the burden of proving that [her] injury arose out of [her] employment.’ Ex parte Patterson, 561 So.2d 236, 238 (Ala.1990) (citing Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159 (1957)).”
830 So.2d at 743-44.
This Court’s decision in Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), a case decided before Morgan, did include language in a footnote that appears to directly conflict with the Act and the well established rule of causation in accidental-injury workers’ compensation cases. Specifically, in Trinity Industries, which concerned the causal connection between an employee’s stroke and his employment, this Court, in an effort to illustrate the problems attendant to “[djetermining whether a causal relationship has been established between the performance of the claimant’s duties as an employee and the complained-of injury” in situations where “the complained-of injury was not produced by some sudden and traumatic external event,” 680 So.2d at 266, included the following language in note 3:
“An employee claiming to have been injured by a sudden and traumatic external event (an ‘accident’ in the colloquial sense, e.g., being struck by a falling hammer on a construction site or slipping off a ladder) need only produce substantial evidence tending to show that the alleged ‘accident’ occurred and tending to establish ‘medical causation,’ by demonstrating that the ‘accident’ was a contributing cause of the complained-of injuries and complications.”
680 So.2d at 266 n. 3. Nonetheless, we then proceeded to perform the requisite causation analysis, reiterating the rule from Slimfold that “ ‘[i]n Alabama the employment must be the source and cause of the accident,’ ” 680 So.2d at 268, and determining that, pursuant to the two-part causation test for nonaccidental injuries established by City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975), the *596 employee had demonstrated both legal and medical causation. Because the language included in note 3 was, therefore, not essential to this Court’s ultimate holding in Trinity Industries (indeed, it was not applicable)', it was, as correctly observed by Judge Moore’s concurring opinion in Goodyear Tire & Rubber Co. v. Muilenburg, 990 So.2d 434, 439 (Ala.Civ.App.2008), nothing more than dicta and was not binding in subsequent cases. See Ex parte Williams, 838 So.2d 1028, 1031 (Ala.2002) (“Because obiter dictum is, by definition, not essential to the judgment of the court which states the dictum, it is not the law of the case established by that judgment.”). See also Carr v. International Refining & Mfg. Co., 13 So.3d 947, 957 n. 3 (Ala.2009) (“Black’s Law Dictionary 409 (8th. ed.2004) defines obiter dictum as: ‘A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case....’”).
In Byrom, this Court subsequently reiterated, but did not apply, the “but-for” reasoning expressed in Trinity Industries:
“While Ex parte Trinity Industries does not require proof beyond the fact of the accident itself that the accident arose out of the employee’s employment, the evidence in Byrom’s case meets the requirements of [American Fuel & Clay Products Co. v.] Gilbert [, 221 Ala. 44, 46, 127 So. 540, 541 (1930) (concluding that compensation is due when ‘the hazard of the accident “was peculiar to the employment as a contributing cause,” and flowed from that source as a rational consequence’) ], for proof that the accident did in fact arise out of the employment, to whatever extent such requirements survived or accompanied the opinion issued in Gilbert on rehearing.”
895 So.2d at 947-48. Therefore, while once again appearing to endorse a “but-for” test, this Court actually applied the “arising-out-of ’ analysis necessary to meet the statutory causation requirements under the Act. Thus, as it was in Trinity Industries, the “but-for” language in By-rom was dicta.[2] See Ex parte Williams, supra.
Regardless, based upon the foregoing analysis, it appears that the “but-for” language espoused in the body of this Court’s opinion in Byrom conflicts with prior caselaw dealing with causation and is creating confusion in the arena of workers’ compensation law. That confusion is evident in the present case, in which the Court of Civil Appeals, applying Byrom, completely dispensed with the element of legal causation: “Byrom eliminates any requirement that might have been applied in [Wal-Mart Stores, Inc. v.] Morgan [, 830 So.2d 741 (Ala.Civ.App.2002),] to require an employee who falls at work, such as the employee in this case, to show legal causation beyond the fall itself.” Brown, 77 So.3d at 590. Such an interpretation clearly contravenes both the plain language of the Act, which prescribes a causal-connection element in order for an injury to be deemed compensable, and the rationale of authority in which this Court explicitly rejected a “but-for” test for causation in workers’ compensation cases.[3] The utilization of a “but-for” test negates the statutory requirement that, to be com-pensable, an injury or death “arise” out of *597 employment and instead requires only one part of the statutory test — that the injury occur “in the course of employment.” See Slimfold, 417 So.2d at 202 (noting that, in affirming an award based on a finding of causation despite the trial court’s implicit finding that “the claimant had not met her burden of establishing causation,” the appellate court would effectively “abrogate by judicial fiat an essential element of proof under [the] Act”). Slimfold and its progeny correctly apply the plain language of the Act; to the extent that Byrom conflicts with those previous decisions, it is due to be, and is hereby, overruled.
In Ex parte Mitchell, 989 So.2d 1083 (Ala.2008), we noted that “ ‘ “[cjourts must liberally construe the workers’ compensation law ‘to effectuate its beneficent purposes’ ” ’ however, “ 1 “such a construction must be one that the language of the statute ‘fairly and reasonably’ supports.” ’ ” 989 So.2d at 1090 (quoting Ex parte Weaver, 871 So.2d 820, 824 (Ala.2003), quoting other cases). Thus, although this Court has liberally construed the Act in order to achieve its “beneficent purposes,” it cannot change the plain language of the Act in order to accomplish that goal. The Act clearly provides that workers’ compensation benefits are due only in “ease[s] of personal injury or death ... caused by an accident arising out of and in the course of [the employee’s] employment. ...” § 25-5-51, Ala.Code 1975 (emphasis added). Section 25-5-51 is not ambiguous. It clearly states that workers’ compensation benefits are to be paid to an employee who suffers injury “arising out of’ his or her employment. To dispense with the “arising-out-of’ requirement would clearly — and impermissibly — be to rewrite the Act.
In consideration of the foregoing, we conclude that the rule applied by the Court of Civil Appeals in Brown is drawn from dicta and contravenes the clear language of the Act. Accordingly, the judgment of the Court of Civil Appeals is hereby reversed and a judgment rendered in favor of Korner Store.
REVERSED AND JUDGMENT RENDERED.
COBB, C.J., and WOODALL, STUART, BOLIN, PARKER, MAIN, and AVISE, JJ., concur.
MURDOCK, J., concurs specially.

. "We use the word 'idiopathic' ... to mean 'peculiar to the individual' and not ‘arising from an unknown cause.’ Idiopathic refers to an employee's preexisting physical weakness or disease. 1 Larson, Workmen’s Compensation Law § 12.00.” Ex parte Patterson, 561 So.2d 236, 238 n. 2 (Ala.1990).

. It does not appear that this Court has yet cited Byrom as authority on this point, nor, until the present case, has it had the opportunity to address whether Byrom improperly relied on dicta.

. With the exception of Judge Moore's special concurrence in Muilenburg, supra, the Court of Civil Appeals' opinion in Brown appears to be the only published decision explicitly interpreting Byrom in this manner.